## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JILL SIKKELEE, Individually and     :        CASE NO. 4:07-cv-00886-JEJ
as Personal Representative of the   :
ESTATE OF DAVID SIKKELEE,           :
deceased,                           :
                                    :        (Judge Jones)
                                    :
          Plaintiff                 :        COMPLAINT FILED:
                                    :        May 16, 2007
                                    :
    v.                              :
                                    :
                                    :
PRECISION AIRMOTIVE                  :
CORPORATION, et al.,                :
                                    :
          Defendants                :

## BRIEF IN SUPPORT OF MOTION OF DEFENDANT AVCO CORPORATION, ON BEHALF OF ITS LYCOMING ENGINES DIVISION, TO DISMISS THE AMENDED COMPLAINT  PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)

Catherine Slavin
Sara Anderson Frey
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
Attorneys for Defendant
AVCO Corporation, on behalf
of its Lycoming Engines Division

# <u>TABLE OF CONTENTS</u>

**Page**

I. PROCEDURAL HISTORY ................................................................ 1

II. STATEMENT OF FACTS ............................................................... 2

III. STATEMENT OF QUESTIONS PRESENTED ............................... 3

IV. ARGUMENT ................................................................................ 4

    A.  Standard of Review for Motion to Dismiss ................................. 4

    B.  Plaintiff's Amended Complaint Fails to Set Forth Enough Facts
        to State a Claim Against Lycoming That is Plausible on its Face Because
        There Are No Allegations That Lycoming Manufactured or Sold the
        Allegedly Defective Parts ......................................................... 6

    C.  Plaintiff's Amended Complaint Fails to Set Forth Enough Facts to
        Establish GARA's Knowing Misrepresentation Exception ...................... 10

    D.  Plaintiff Has Failed to Properly Plead A Claim for Breach of Express
        Warranty ................................................................................. 13

    E.  Plaintiff Has Failed to Properly Plead A Claim for Breach of Implied
        Warranty ................................................................................. 15

    F.  Plaintiff Has Failed to State A Claim for Misrepresentation ...................... 17

    G.  Plaintiff Has Failed to State A Claim for Concert of Action ...................... 19

    H.  Plaintiff's Amended Complaint Contains Immaterial and Impertinent
        Matters Which Should be Stricken ........................................... 22

V. CONCLUSION ............................................................................. 26

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

Allegheny Gen. Hosp. v. Philip Morris, Inc.,
    116 F. Supp. 2d 610 (W.D. Pa. 1999)................................................ 21, 22

Altoona Area Sch. Dist. v. Inter-State Tile & Mantel Co.,
    618 A.2d 1129 (Pa. Commw. 1992) ............................................... 10

Altronics of Bethlehem, Inc. v. Repco, Inc.,
    957 F.2d 1102 (3d Cir. 1992)........................................................... 15

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ................................................................. 5

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) .............................................................. passim

Bragg v. Hi-Ranger, Inc.,
    462 S.E.2d 321 (S.C. App. 1995)............................................... 7n

Cipollone v. Liggett Group, Inc.,
    895 F.2d 541 (3d Cir. 1990)........................................................... 14

Croman v. Gen. Elec. Corp.,
    No. 2:05-cv-0575-GEB-JFM, 2006 U.S. Dist. LEXIS 82391
    (E.D. Cal. Nov. 3, 2006) ............................................................... 13

Cummins v. Firestone Tire & Rubber Co.,
    495 A.2d 963 (Pa. Super. 1985)................................................... 21, 22

Dura Pharms., Inc. v. Broundo,
    544 U.S. 336 (2005) ..................................................................... 5

Epler v. Jansport, Inc.,
    No. 00-cv-154, 2001 U.S. Dist. LEXIS 1890 (E.D. Pa. Feb. 22, 2001)..15, 16, 18

Godfrey v. Precision Airmotive,
    No. 5D07-4389, 2010 Fla. App. LEXIS 13423 (Fla. App. Sept. 10, 2010)
    (per curiam) ............................................................................... 25

Holley v. Burroughs Wellcome Co.,
    330 S.E.2d 228 (N.C. App. 1985) ..................................................... 7n

Jolley v. Gen. Motors Corp.,
    285 S.E.2d 301 (N.C. App. 1982) ..................................................... 7n

Kester v. Zimmer Holdings, Inc.,
    No. 2:10-cv-00523, 2010 U.S. Dist. LEXIS 59869 (W.D. Pa. June 16,
    2010) ................................................................................... passim

Koken v. Steinberg,
    825 A.2d 723 (Pa. Commw. 2003) ..................................................... 19

Larry v. Penn Truck Aids, Inc.,
    94 F.R.D. 708 (E.D. Pa. 1982) ......................................................... 20

Mellon v. Barre-Nat'l Drug Co.,
    636 A.2d 187 (Pa. Super. 1993) ...................................................... 6, 7

Mowrer v. Armour Pharm. Co.,
    No. 92-6905, 1993 U.S. Dist. LEXIS 18367 (E.D. Pa. Dec. 30, 1993) ....... 20, 22

Parkinson v. Guidant Corp.,
    315 F. Supp. 2d 741 (W.D. Pa. 2004) .................................................. 14

Peterson v. Breg, Inc.,
    No. 2:09-CV-2044 JWS, 2010 U.S. Dist. LEXIS 4985 (D. Ariz. Apr. 28,
    2010) ..................................................................................... 9

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ....................................................... 5-6, 17, 22

Piedmont Inst. of Pain Mgmt. v. Stanton Found.,
    581 S.E.2d 68 (N.C. App. 2003) ...................................................... 18n

Pridgen v. Parker Hannifin, Corp.,
    591 Pa. 305, 916 A.2d 619 (Pa. 2007) ................................................ 24

Quail Hill, LLC v. County of Richland,
    692 S.E.2d.2d 499 (S.C. 2010) ........................................................ 18n

Rauch v. United Instruments, Inc.,
    548 F.2d 452 (3d Cir. 1976) ........................................................... 24

Rickert v. Mitsubishi Heavy Indus., Ltd.,
    923 F. Supp. 1453 (D. Wyo. 1996) ("Rickert I")..........................................11, 12

Robinson v. Hartzell Propeller Inc.,
    326 F. Supp. 2d 631 (E.D. Pa. 2004) ......................................................... 11

Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
    742 F.2d 786 (3d Cir. 1984)).................................................................. 18

Sheesley v. Cessna Aircraft Co.,
    No. CIV 02-4185-KES, 2006 U.S. Dist. LEXIS 27133 (D.S.D. Apr. 20,
    2006).................................................................................................. 11

Sikkelee v. Precision Airmotive Corp.,
    ___ F. Supp. 2d ___, 2010 WL 3199934 (M.D. Pa. Aug. 13, 2010).........1, 9, 24

Silverstein v. Percudani,
    422 F. Supp. 2d 468 (M.D. Pa. 2006) .......................................................... 18

Simmons v. Stryker Corp.,
    No. 08-3451 (JAP), 2008 U.S. Dist. LEXIS 93306 (D.N.J. Nov. 17,
    2008)................................................................................................... 15

Skipworth v. Lead Indus. Ass'n, Inc.,
    690 A.2d 169 (1997) ............................................................................ 21

Smith v. Lower Bucks Hosp.,
    No. 93-3229, 1993 U.S. Dist. LEXIS 15355 (E.D. Pa. Nov. 1, 1993) .............. 20

Sowers v. Johnson & Johnson Med, Inc.,
    867 F. Supp. 306 (E.D. Pa. 1994) ............................................................. 13

Stetser v. Tap Pharm. Prods., Inc.,
    598 S.E.2d 570 (N.C. App. 2004) .......................................................... 20n

Thornton v. UL Enter., LLC,
    2010 U.S. Dist. LEXIS 24207 (W.D. Pa. Mar. 16, 2010) ................................ 23

Vigus v. Milton A. Latta & Sons Diary Farms, Inc.,
    No. COA08-700, 2009 N.C. App. LEXIS 830 (N.C. App. May 19, 2009).....17n

Welc v. Porter,
    675 A.2d 334 (Pa. Super. 1996)............................................................... 20

West v. Gladney,
   533 S.E.2d 334 (S.C. App. 2000) ................................................ 17n

Yurcic v. Purdue Pharm. L.P.,
   343 F. Supp. 2d 386 (M.D. Pa. 2004) ........................................ 13

## STATUTES AND LEGISLATIVE HISTORY

H.R. Rep. No. 103-525, pt. 2 (1994), reprinted in 1994 U.S.C.C.A.N. 1644 ......... 10

N.C. Gen. Stat. § 25-2-313 .................................................... 13n

N.C. Gen. Stat. § 25-2-314 .................................................... 16n

13 Pa. Cons. Stat. Ann. § 2313 ............................................... 13

13 Pa. Cons. Stat. Ann. § 2314 ............................................... 15, 16

S.C. Code Ann. § 36-2-313 .................................................... 13n

S.C. Code Ann. § 36-2-314 .................................................... 16n

49 U.S.C. § 40101 note, § 2(a) ............................................... 10

49 U.S.C. § 40101 note, § 2(b)(1) ............................................ 11, 12

49 U.S.C. § 40101 note, § 3(3) ............................................... 10

## REGULATIONS

14 C.F.R. § 91.1 ............................................................. 23

14 CFR § 91.13 .............................................................. 23

## RULES OF COURT

Fed. R. Civ. P. 9(b) ........................................................ 18

Fed. R. Civ. P. 12(b)(6) .................................................... 2n, 4, 5

Fed. R. Civ. P. 12(f) ....................................................... 2n, 23

## I.   PROCEDURAL HISTORY

On May 16, 2007, Plaintiff, Jill Sikkelee, individually and as personal representative of the estate of David Sikkelee, filed this wrongful death and survival action against seventeen defendants, including Lycoming, arising out of a fatal aircraft accident in Penrose, North Carolina, on July 10, 2005.  (Dkt. 1). Defendants filed a Motion for Judgment on the Pleadings based, in part, on Plaintiff's failure to allege the violation of a federal standard of care.  (Dkt. 107, 111).  This Court granted the Motion for Judgment on the Pleadings, in part, Dkt. 158, and ordered Plaintiff to file an Amended Complaint that asserted the violation of a federal standard of care.  Sikkelee v. Precision Airmotive Corp., ___ F. Supp. 2d ___, 2010 WL 3199934, at *9 (M.D. Pa. Aug. 13, 2010).  The "First Amended Complaint for Wrongful Death and Survival Action; And Demand for Jury Trial," Dkt. 160 ("Amended Complaint" or "Am. Compl."), was filed on August 31, 2010, naming seventeen defendants, all alleged to have manufactured, sold, or maintained certain aircraft components.   Among the named defendants were AVCO Corporation and an unincorporated operating division thereof incorrectly named as Textron Lycoming Reciprocating Engine Division (hereinafter collectively "Lycoming").

Lycoming filed the Motion of Defendant AVCO Corporation, on behalf of its Lycoming Engines Division, to Dismiss the Amended Complaint Pursuant to

Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Dkt. 165), on September 17, 2010.

## II.    STATEMENT OF FACTS

On July 10, 2005, a 1976 Cessna 172N aircraft, registration number N73747 (the "accident aircraft"), crashed shortly after takeoff from the Transylvania County Airport located in Brevard, North Carolina. Am. Compl. ¶¶ 4, 11, Ex. A.[1] Plaintiff's decedent, David Sikkelee, was piloting the accident aircraft and died from injuries sustained in the crash. Am. Compl. ¶ 11, Ex. A.

The Amended Complaint purports to assert five counts against Lycoming: Strict Liability, Negligence, Breach of Warranty, Misrepresentation, and Concert of Action. Am. Compl., Counts IV, V, VI, X, XI, Ex. A. Specifically, Plaintiff alleges that Lycoming manufactured a certain O-320-D2C engine, serial number L-6540-39A, which was installed on the accident aircraft. Am. Compl. ¶ 4, Ex. A. Plaintiff claims that the "the subject engine, subject carburetor and its fuel delivery systems and their various instructional products were defective and not in compliance with the minimum federal aviation regulations cited above" and goes on to set forth a laundry list of alleged defects. Am. Compl. ¶¶ 141, 142, Ex. A.

---

[1]    The Amended Complaint was attached as Exhibit "A" to the Motion of Defendant Avco Corporation, on behalf of its Lycoming Engines Division, to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).

## III. STATEMENT OF QUESTIONS PRESENTED

1.     Whether Plaintiff's Amended Complaint should be dismissed for failure to set forth sufficient facts to state a plausible claim against Lycoming where the Amended Complaint is devoid of any allegation that Lycoming manufactured, sold, or supplied the allegedly defective parts?

*Suggested Answer: Yes.*

2.     Whether Plaintiff's Amended Complaint should be dismissed for failure to set forth sufficient facts to meet the pleading standard required to establish the knowing misrepresentation exception to the General Aviation Revitalization Act?

*Suggested Answer: Yes.*

3.     Whether Plaintiff's claim for breach of express warranty should be dismissed where Plaintiff has failed allege any facts which would establish that she was aware of any representations made by Lycoming concerning the aircraft engine and/or carburetor and that those representations became the basis of the bargain?

*Suggested Answer: Yes.*

4.     Whether Plaintiff's claim for breach of implied warranty should be dismissed where Plaintiff has failed to allege any facts to support her conclusory allegations?

*Suggested Answer: Yes.*

5.      Whether Plaintiff's claims for misrepresentation should be dismissed where Plaintiff has failed to identify the date, place or time of the alleged fraud and failed to specifically identify which defendants made which misrepresentations?

*Suggested Answer: Yes.*

6.      Whether Plaintiff's claims for concert of action should be dismissed where Plaintiff fails to identify which alleged wrongdoers caused which alleged injuries and merely sets forth conclusory statements concerning the elements of the cause of action?

*Suggested Answer: Yes.*

7.      Whether impertinent and immaterial matters alleged in the Amended Complaint should be stricken?

*Suggested Answer: Yes.*

## IV.   ARGUMENT

### A.   Standard of Review for Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be filed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court articulated the standard to be applied when analyzing the sufficiency of a complaint required to survive a Rule 12(b)(6) motion. 550 U.S.

544 (2007).  Under <u>Twombly</u>, a plaintiff's complaint must set forth "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940-41 (2009) (the <u>Twombly</u> standard applies to all civil actions).  The requirement of facial plausibility is the only way "to avoid the potentially enormous expense of discovery in cases with 'no reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support the plaintiff's claims.  <u>Twombly</u>, 550 U.S. at 560 (<i>citing</i> <u>Dura Pharms., Inc. v. Broundo</u>, 544 U.S. 336, 347 (2005)).

The United States Court of Appeals for the Third Circuit, applying <u>Twombly</u>, has explained that a complaint must have "'enough factual matter (taken as true) to suggest the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>).  Indeed, the Federal Rules of Civil Procedure require

> a "showing" rather than a blanket assertion of an entitlement to relief...without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Id. at 233.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Plaintiff has failed to meet this standard, and, therefore, the Amended Complaint should be dismissed as to Lycoming.

**B.     Plaintiff's Amended Complaint Fails to Set Forth Enough Facts to State a Claim Against Lycoming That is Plausible on its Face Because There Are No Allegations That Lycoming Manufactured or Sold the Allegedly Defective Parts**

Plaintiff's Amended Complaint does not allege a critical element necessary to prove her case:  that Lycoming manufactured, sold, or supplied the allegedly defective parts.  Because there are no allegations that Lycoming manufactured, sold, or supplied the allegedly defective parts, there can be no cause of action against Lycoming.

To state a product liability claim – whether under a theory of strict liability, negligence, or warranty – a plaintiff must plead, and prove, at a minimum, that the allegedly defective product was the defendant's product.[2]  Mellon v. Barre-Nat'l

---

[2]     While Lycoming makes reference to Pennsylvania law throughout, Lycoming does not concede the applicability of Pennsylvania law to the issues of liability and/or damages raised in Plaintiff's Amended Complaint.  Among other potentially interested jurisdictions are North Carolina (the location of the accident) and South Carolina (where Plaintiff resides).  The law of those jurisdictions similarly is referenced throughout. With respect to the issues raised in this Motion, it does not matter whether Pennsylvania, North Carolina, or South Carolina law applies, as under the law of any or all of the three jurisdictions, the allegations in the Amended Complaint are insufficient.

<u>Drug Co.</u>, 636 A.2d 187, 191 (Pa. Super. 1993) (emphasis supplied).    Stated
another way:

> [a] plaintiff must establish that a **particular product of a defendant manufacturer** caused her injuries.  In general, a defendant must be identified as the manufacturer, distributor, or seller of the offending product before the injuries suffered by the plaintiff may be found to be proximately caused by some negligent act or omission of the defendant.  **Absent such identification**, there can be no allegations of duty, breach of duty, or legal causation, and hence there can be no liability.

<u>Id.</u> at 191-92 (*citing* <u>Cummins v. Firestone Tire & Rubber Co.</u>, 495 A.2d 963, 967-68 (Pa. Super. 1985)) (emphasis added).   Where the plaintiff fails to plead and prove that the defendant manufactured, sold or distributed the product, the claim must be dismissed.[3]  <u>Id.</u>

Here, the Amended Complaint is devoid of any allegations that Lycoming manufactured, supplied, or otherwise placed in the stream of commerce the allegedly defective parts which Plaintiff contends caused this accident. Indeed, rather than meet her burden of pleading liability against a specific defendant, Plaintiff lumps all defendants together and alleges the "defendants" are collectively

---

[3]    North Carolina law and South Carolina law similarly require that a plaintiff plead that a defendant manufactured the product that allegedly caused the injuries. <u>Jolley v. Gen. Motors Corp.</u>, 285 S.E.2d 301, 303 (N.C. 1982) (plaintiff must establish "product manufactured by defendant was defective"); <u>Bragg v. Hi-Ranger, Inc.</u>, 462 S.E.2d 321, 328 (S.C. App. 1995) (plaintiff must establish that "defendant's product" was defective).  Of note, North Carolina does not recognize a cause of action based on strict liability. <u>Holley v. Burroughs Wellcome Co.</u>, 330 S.E.2d 228 (N.C. App. 1985).

liable. Virtually *every allegation* in the complaint collectively refers to "defendants." See, e.g., Am. Compl. ¶¶ 48, 52-58, 62-65, 67-74, 76-85, 87-95(a-oooo), 96-112, 119(a-j), 126(a-j), 135(a-j), 140-143(a-j), 146-148(a-j), 149, 150, 153, (a-j), 155-160(a-p), 161-163, 184-188, 190-195, Ex. A.

A similar defective pleading was recently dismissed in Kester v. Zimmer Holdings, Inc., where the plaintiff filed a product liability action against various defendants, claiming that a pain pump implanted after surgery was defective. No. 2:10-cv-00523, 2010 U.S. Dist. LEXIS 59869, at *15 (W.D. Pa. June 16, 2010). The plaintiff collectively averred that the various defendants owed her a duty and that the defendants had breached such duty. The defendants filed a motion to dismiss based, in part, on the plaintiff's collective averments and her failure to identify the specific manufacturer of the pain pump. The district court granted the motion to dismiss, finding that such collective averments "fail[ed] to allege the factual basis necessary for legal plausibility." Id. at *24.

In so ruling, the court recognized that a plaintiff in a products liability action must identify the specific defendant's conduct which allegedly caused the harm and that without "'such identification, there can be no allegations of duty, breach of duty or legal causation, and hence there can be no liability.'" Id. at *17 (*citing* Cummins, 495 A.2d at 967-68). The district court ruled that the plaintiff's "speculative and collective identification of the Defendants fail[ed] to adequately

identify which Defendant caused Plaintiff's alleged injury and the Complaint, therefore, [was] insufficient and speculative" under the standard set forth in Twombly and Iqbal. Id. In that the plaintiffs failed to identify the manufacturer, the court held that their claims were "'conclusory and vague, and lack the requisite factual information to suggest that plaintiffs' claims are facially plausible.'" Id. at *24 (citing Peterson v. Breg, Inc., No. 2:09-cv-2044 JWS, 2010 U.S. Dist. LEXIS 48985, at *7-8 (D. Ariz. Apr. 28, 2010)).

The same result should be reached in this action.   To properly plead her claims, it was incumbent on Plaintiff to plead that Lycoming manufactured, supplied, or otherwise placed in the stream of commerce the allegedly defective parts and to identify the allegedly defective parts with specificity, not generality.[4] Plaintiff failed to do so.  Instead, Plaintiff merely lumps all the named defendants together, without distinction.  Without the required identification, this Court cannot assess the sufficiency of allegations relating to breach of the required federal standards of care governing the manufacturers and maintenance facilities. Sikkelee, 2010 WL 3199934 at *9.  Without such identification, there is no basis

---

[4]    Not only does Plaintiff fail to plead that Lycoming manufactured the allegedly defective parts, Plaintiff pleads that another defendant – identified as the Kelly defendants –"manufactured, sold, repaired and/or overhauled" the allegedly defective parts in 2004.  Am. Compl. ¶¶ 4, 9, Ex. A.   And that is the truth, as Plaintiff admitted in her Petition to Approve Partial Settlement with the Kelly Defendants that "[t]he Kelly defendants were the entities that overhauled and re-built the subject MA-4SPA carburetor in 2004."  (Petition to Approve, Dkt. 145.)

for allegations of duty, breach of duty, or legal causation, and therefore, there can be no liability. <u>Kester</u>, 2010 U.S. Dist. LEXIS 59869, at *17.

Plaintiff's collective averments of fault are speculative and fail to meet the pleading standard set forth in <u>Twombly</u>. Since Plaintiff has failed to plead sufficient facts to state a plausible cause of action against Lycoming, all claims against Lycoming should be dismissed.

### C.   Plaintiff's Amended Complaint Fails to Set Forth Enough Facts to Establish GARA's Knowing Misrepresentation Exception

The General Aviation Revitalization Act ("GARA") is an eighteen-year federal statute of repose that expressly supersedes and bars any action for personal injury or property damage arising out of a general aviation accident if the suit is not brought within eighteen years from the delivery of that aircraft or component part to its first purchaser. 49 U.S.C. § 40101 note, §§ 2(a), 3(3). "A statute of repose … is a bar on suits brought more than a specified period after the date of manufacture." H.R. Rep. No. 103-525, pt. 2, at 4 (1994), <u>reprinted in</u> 1994 U.S.C.C.A.N. 1644, 1646. Put another way, if an action is not brought within a repose period, the cause of action is "extinguished" and any right of recovery is terminated. <u>See</u> <u>Altoona Area Sch. Dist. v. Inter-State Tile & Mantel Co.</u>, 618 A.2d 1129, 1134 (Pa. Commw. 1992).

Plaintiff alleges that an exception to GARA, the "knowing misrepresentation" exception, applies and therefore, her action is not barred by

GARA.  Am. Compl. ¶ 74, Ex. A.  That exception, found in subsection 2(b)(1) of GARA, "has three elements: (1) knowing misrepresentation or concealment or withholding; (2) of required information that is material and relevant; (3) that is casually related to the harm [plaintiffs] suffered."  Sheesley v. Cessna Aircraft Co., No. CIV 02-4185-KES, 2006 U.S. Dist. LEXIS 27133, at *27-*28 (D.S.D. Apr. 20, 2006) (*citing* Robinson v. Hartzell Propeller, Inc., 326 F. Supp. 2d 631, 647 (E.D. Pa. 2004)).  Plaintiff, however, has failed to set forth sufficient facts to establish these elements.

GARA's express statutory language requires a "claimant [to] **plead[] with specificity** the facts necessary to prove, and prove[]" all the elements of the exception.  49 U.S.C. § 40101 note, § 2(b)(1) (emphasis added).  "[T]his exception contains two standards:  a pleading standard and a judgment standard."  Rickert v. Mitsubishi Heavy Indus., Ltd., 923 F. Supp. 1453, 1456 (D. Wyo. 1996) ("Rickert I").  Thus, a plaintiff is required to make a **particularized showing in her pleading** before she may then come forward with evidence of same.

To assert a claim under the "knowing misrepresentation" exception to GARA, Plaintiff was obligated to plead specific facts of misrepresentation, withholding, or concealment.  Plaintiff did not.  Plaintiff did not plead that any particular person at Lycoming knowingly misrepresented or concealed or withheld

any required information about the fuel delivery system to or from any particular person at the Federal Aviation Administration ("FAA").

While the Amended Complaint filed in this case is lengthy, and purports to list communications made to the FAA, Plaintiff does not identify any specific matters communicated that fall under the section 2(b)(1) exception, or why they do. Plaintiff instead lists alleged documents to make it appear as though there are such communications. That is not sufficient. "GARA requires more than innuendo and inference; it demands 'specificity.'" Rickert I, 923 F. Supp. at 1462 (emphasis added).

Moreover, as discussed above, the Amended Complaint makes repeated reference to what the "defendants" knew yet does not identify which defendants. Plaintiff sued seventeen entities. Do the references to "defendants" mean all of them, some of them and/or various combinations thereof? Plaintiff makes no distinction among the various defendants, but, rather, treats them as a global conglomerate, of one mind and one will, with information available to one available to all, and the knowledge of one imputed to all. Plaintiff had the obligation under GARA to plead specific facts as to specific misrepresentation, concealment, or withholding of specific information by specific defendants relating to specific defects specifically relating to this specific accident.

This Plaintiff did not do.  Plaintiff has failed to meet the pleading standard contained in section 2(b)(1) of GARA and, therefore, the Amended Complaint should be dismissed.  Croman v. Gen. Elec. Corp., No. 2:05-cv-0575-GEB-JFM, 2006 U.S. Dist. LEXIS 82391, at *21 (E.D. Cal. Nov. 3, 2006) (dismissing complaint where "Plaintiff has not pled in its Complaint facts giving rise to a claim of misrepresentation or concealment as required by § 2(b) of GARA").

**D.    Plaintiff Has Failed to Properly Plead A Claim for Breach of Express Warranty**

Not only is Plaintiff's failure to set forth sufficient facts identifying Lycoming as the manufacturer of particular products fatal to <u>all</u> of her claims, as set forth above, but Plaintiff's failure to set forth sufficient facts establishing breach of express warranty requires dismissal of this cause of action.

An express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." 13 Pa. Cons. Stat. Ann. § 2313.[5]  The representations or promises must be "directed at consumers in order to induce purchasers of the product." <u>Yurcic v. Purdue Pharm. L.P.</u>, 343 F. Supp. 2d 386, 394-95 (M.D. Pa. 2004) (*citing* <u>Sowers v. Johnson & Johnson Med., Inc.</u>, 867 F. Supp. 306, 313 (E.D. Pa. 1994)).  A plaintiff asserting a claim for breach of express warranty must prove that "she read, heard, saw or knew of the advertisement containing the affirmation of facts or

---

[5]    <u>Accord</u>, N.C. Gen. Stat. § 25-2-313; S.C. Code Ann. § 36-2-313.

promise." Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 751 (W.D. Pa. 2004)

(*citing* Cipollone v. Liggett Group, Inc., 893 F.2d 541, 567 (3d Cir. 1990)).

In Kester, the court dismissed the plaintiff's claim for breach of express warranty, finding that the complaint's "formulaic recitation of the elements of this cause of action [were] devoid of any factual support." 2010 U.S. Dist. LEXIS 59869, at *31. The court noted that the plaintiff failed to specify "any particular promise that formed the basis of her bargain with the Defendants, who [were] generically and collectively named, nor [did] she demonstrate that any promise was directed at her, as a consumer, to induce her into purchasing the product." Id. Because the allegations in the complaint failed to rise above a speculative level, the court dismissed the breach of express warranty claim.

Likewise in this case, the Amended Complaint is completely bereft of any factual matter to support the existence of an express warranty. Plaintiff fails to assert any facts which would establish that "she read, heard, saw or knew" of any representations made by Lycoming concerning the aircraft engine and/or carburetor and/or any engine component. See Parkinson, 315 F. Supp. 2d at 751. Although Plaintiff generally alleges the source of the supposed warranty (e.g., overhaul manuals and instructional literature, Am. Compl. ¶ 149, Ex. A), such general identifications are insufficient to survive a motion to dismiss. Kester, 2010

U.S. Dist. LEXIS 59869, at *30 (*citing* <u>Simmons v. Stryker Corp.</u>, No. 08-3451

(JAP), 2008 U.S. Dist. LEXIS 93306, at *6 (D.N.J. Nov. 17, 2008)).

Under <u>Twombly</u>, "a plaintiff cannot make a conclusory recitation of the

elements of a cause of action and assume that it is sufficient to establish the

existence of an express warranty." <u>Kester</u>, 2010 U.S. Dist. LEXIS 59869, at *30.

Conclusions are all Plaintiff pleads here.  Consequently, her claims for breach of

express warranty should be dismissed.

### E.  Plaintiff Has Failed to Properly Plead A Claim for Breach of Implied Warranty

Plaintiff also attempts to set forth a claim for breach of implied warranties,

specifically the implied warranty of merchantability.  Am. Compl., Count V, Ex.

A.  Plaintiff's failure to set forth sufficient facts establishing breach of implied

warranty requires dismissal of this claim, too.

Implied warranties "arise by operation of law and serve to protect buyers

from loss where the goods purchased are below commercial standards." <u>Epler v.</u>

<u>Jansport, Inc.</u>, No. 00-cv-154, 2001 U.S. Dist. LEXIS 1890, at *21 (E.D. Pa. Feb.

22, 2001) (*citing* <u>Altronics of Bethlehem, Inc. v. Repco, Inc.</u>, 957 F.2d 1102, 1105

(3d Cir. 1992)).  A warranty of merchantability is implied in a contract for the sale

of products if the seller is a merchant with respect to goods of that kind.  13 Pa.

Cons. Stat. Ann. § 2314.[6]  A product is merchantable if it (1) passes without objection in the trade under the contract description, (2) is fit for its ordinary purpose, (3) is run of even kind, quality and quantity within each unit and among all units involved, (4) is adequately contained, packaged, and labeled as the agreement may require, and (5) conforms to the promises or affirmations of fact made on the container or label, if any.  Id.

A plaintiff attempting to recover for breach of implied warranties must show that "the item **purchased from the defendant** was defective."  Epler, 2001 U.S. Dist. LEXIS 1890, at *21 (emphasis added).  As discussed above, the Amended Complaint does not contain any allegations that Lycoming manufactured, supplied, or otherwise placed in the stream of commerce the allegedly defective parts which Plaintiff contends caused this accident.  More importantly, for this cause of action, Plaintiff does not identify Lycoming as a seller as defined by section 314 of the Uniform Commercial Code.  Thus, Plaintiff cannot establish an essential element of her case — that any allegedly defective product was "purchased from" Lycoming.

Moreover, the claim for breach of implied warranty fails because Plaintiff has failed to allege sufficient facts demonstrating such a breach.  Plaintiff's Amended Complaint does not assert sufficient facts establishing that a product

---

[6]     Accord, N.C. Gen. Stat. § 25-2-314; S.C. Code Ann. § 36-2-314.

manufactured by Lycoming was not merchantable.   The Amended Complaint merely recites conclusory allegations that "defendants" warranted that the various products were not defective and that the products were defective.   These allegations do not contain "enough factual matter … to suggest the required element." Phillips, 515 F.3d at 234.

For these reasons, Plaintiff has failed to sufficiently plead a claim for breach of implied warranty and therefore, this Count should be dismissed.

### F.   Plaintiff Has Failed to State A Claim for Misrepresentation

In Count X of the Amended Complaint, Plaintiff attempts to assert a claim for intentional and/or negligent misrepresentation.   Am. Compl. Count X, Ex. A. This claim similarly fails.

A claim for intentional, or fraudulent, misrepresentation requires proof of the following elements:   "(1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by the reliance." [7]   Kester, 2010 U.S. Dist. LEXIS 59869, at *34.   Negligent misrepresentation requires proof of: "(1) a duty; (2) failure to conform to the standard required; (3) a causal connection between the conduct and the injury; and

---

[7]      See also Vigus v. Milton A. Latta & Sons Dairy Farms, Inc., No. COA08-700, 2009 N.C. App. LEXIS 830 (N.C. App. May 19, 2009); West v. Gladney, 533 S.E.2d 334 (S.C. App. 2000).

(4) actual loss or damage." <u>Id.</u> at *35.[8]   Averments of fraud, including misrepresentation, must be "stated with particularity." <u>Id.</u> (*citing* Fed. R. Civ. P. 9(b)).  A plaintiff is required to plead the "'circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges.'" <u>Id.</u> at *36 (*citing* <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984)).  A complaint that sets forth allegations of "date, place or time" fulfills the requirements of Rule 9(b). <u>Id.</u>

<u>Kester</u>, once again, is instructive on the issue raised here.  In <u>Kester</u>, the court found that the plaintiff's averments, which "collectively, generically, and wrongfully referred to as one specified and misleading entity: 'Defendants,'" were insufficient to establish a claim for intentional or negligent misrepresentation.  The court counseled that, "[i]n cases involving multiple defendants, a plaintiff's complaint 'should inform each defendant of the nature of his alleged participation in the fraud' and '[a] complaint that lumps together numerous defendants does not provide   sufficient   notice   of   which   defendants   allegedly   made   the misrepresentation.'" <u>Kester</u>, 2010 U.S. LEXIS 59869, at *41 (*citing* <u>Silverstein v. Percudani</u>, 422 F. Supp. 2d 468, 472-73 (M.D. Pa. 2006)).

---

[8]      <u>See also</u> <u>Piedmont Inst. of Pain Mgmt. v. Staton Found.</u>, 581 S.E.2d 68 (N.C. App. 2003); <u>Quail Hill, LLC v. County of Richland</u>, 692 S.E.2d 499 (S.C. 2010).

Like the complaint in <u>Kester</u>, the Amended Complaint in this case fails to sufficiently set forth a claim for misrepresentation. Not only does Plaintiff fail to allege the date, place, or time of the alleged fraud, she lumps all defendants together and fails to assert which defendants made which misrepresentations. As a result, the misrepresentation claim fails to state a claim should be dismissed.

### G.   Plaintiff Has Failed to State A Claim for Concert of Action

Count XI of the Amended Complaint purports to assert a claim for concert of action. Am. Compl. Count XI, Ex. A. In essence, Plaintiff claims that the global conglomerate of "defendants" had knowledge of defects and conspired to refuse to provide adequate warnings concerning the alleged defects. Am. Compl. ¶¶ 190-196, Ex. A. The allegations in Count XI, however, fail to state a cause of action that is plausible on its face.

To set forth a claim for concert of action, a plaintiff must demonstrate that the defendant (1) committed a tortious act in concert with another or pursuant to a common design with another, (2) knew that another's conduct constituted a breach of duty and gave substantial assistance or encouragement, or (3) gave substantial assistance to another in accomplishing a tortious result and his own conduct, separately considered, constituted a breach of duty to a third person. <u>Koken v.</u>

Steinberg, 825 A.2d 723, 731 (Pa. Commw. 2003).[9] It must be shown that the defendants "acted in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result." Welc v. Porter, 675 A.2d 334, 339 (Pa. Super. 1996).

A claim seeking to impose liability on the basis of concert of action must be "pled with specificity." Larry v. Penn Truck Aids, Inc., 94 F.R.D. 708, 721 (E.D. Pa. 1982). Conclusory allegations are insufficient to set forth a legally cognizable claim. See, e.g. Smith v. Lower Bucks Hosp., No. 93-3229, 1993 U.S. Dist. LEXIS 15355, at *6 (E.D. Pa. Nov. 1, 1993) (allegations that "[d]efendants both or together with others, knowingly and intentionally combined and/or agreed, to do unlawful acts..." were insufficient to set forth a claim of concert of action).

A plaintiff "need not provide all the details of the alleged conspiracy but must at least 'describe the general composition of the conspiracy, some or all of its broad objectives, and defendant's general role in that conspiracy.'" Mowrer v. Armour Pharm. Co., No. 92-6905, 1993 U.S. Dist. LEXIS 18367, at *8 (E.D. Pa. Dec. 30, 1993) (citing Alfaro v. E.F. Hutton & Co., 606 F. Supp. 1100, 1117-18 (E.D. Pa. 1985)) (mere allegations that entered into an agreement to design and market the product which injured plaintiff were insufficient). Moreover, a plaintiff must identify "which alleged wrongdoers caused which alleged injuries."

---

[9]    See also Stetser v. Tap Pharm. Prods., Inc., 598 S.E.2d 570 (N.C. App. 2004).

Allegheny Gen. Hosp. v. Philip Morris, Inc., 116 F. Supp. 2d 610, 620 (W.D. Pa. 1999).

In Skipworth v. Lead Indus. Ass'n, Inc., 690 A.2d 169 (1997), the plaintiff filed suit against various manufacturers of paint containing lead pigment, claiming, in part, that the manufacturers had acted in concert of action. The court dismissed the claim for concert of action, on the ground that the plaintiff had failed to identify the manufacturer of any of the lead pigment which plaintiff claimed caused her injuries. The court noted that a plaintiff seeking to establish a claim of concert of action must "identify the wrongdoer or the person who acted in concert with the wrongdoer." Id. at 175. Because the plaintiff failed to do so, her claim was properly dismissed.

A similar result was reached by the Superior Court in Cummins. There, the plaintiff argued that he could file a claim of concert of action against any one manufacturer of a product, without regard to direct identification of the particular defendant who made the injury-producing product. 495 A.2d at 969. The court rejected this argument, finding that to accept such a theory would "render any manufacturer in Pennsylvania liable to any member of the public for the defects of his competitor's products. Such a result is unconscionable." Id. at 970.

The allegations in Count XI of the Amended Complaint lack any description of the "general composition of the conspiracy, some or all of its broad objectives,

and [Lycoming's] general role in that conspiracy." <u>Mowrer</u>, 1993 U.S. Dist. LEXIS 18367, at *8.  The allegations in the Amended Complaint are nothing more than a formulaic recitation of the elements of the cause of action and a "blanket assertion of an entitlement to relief." <u>Phillips</u>, 515 F.3d at 233.  This is woefully insufficient.

Moreover, Plaintiff has not alleged that Lycoming is the manufacturer of the product which allegedly caused her harm.  Instead, Plaintiff again lumps the defendants together, hoping to prove guilt by association.  There has been no identification of "which alleged wrongdoers caused which alleged injuries." <u>Allegheny Gen. Hosp.</u>, 116 F. Supp. 2d at 620.  Permitting Plaintiff's theory to go forward would, in essence, render Lycoming liable for the defects in another entity's products.  The Pennsylvania Superior Court has admonished that such a result would be "unconscionable." <u>Cummins</u>, 495 A.2d at 970.

Plaintiff's claim for concert of action fails to set forth sufficient facts to state a plausible claim against Lycoming and, therefore, should be dismissed.

## H.   Plaintiff's Amended Complaint Contains Immaterial and Impertinent Matters Which Should be Stricken

Should this Court determine that a dismissal of Amended Complaint in its entirety is not warranted, the Amended Complaint is replete with immaterial and impertinent material which should be stricken.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from any pleading any insufficient defendant or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Thornton v. UL Enter., LLC, 2010 U.S. Dist. LEXIS 24207, at *5 (W.D. Pa. Mar. 16, 2010) (citing Natale v. Winthrop Resources Corp., No. 09-287E, 2008 U.S. Dist. LEXIS 54358, at *5 (E.D. Pa. July 9, 2008)). Where "allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case," such allegations should be stricken. Id. at *6 (internal citations omitted).

In Paragraph 65, Plaintiff alleges, in relevant part, the following:

> ...by way of analogy to 14 CFR § 91.13 ("No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."), the Textron defendants and Precision defendants each had a duty not to design or manufacture the subject engine and carburetor in a "careless or reckless" manner.

The regulation asserted by Plaintiff in this Paragraph, 14 C.F.R. § 91.13, comes from Part 91 of Title 14 of the Code of Federal Regulations. Part 91 "prescribes rules governing the operation of aircraft" and applies to "[e]ach person operating an aircraft in the airspace overlying the waters between 3 and 12 nautical miles from the coast of the United States." 14 C.F.R. § 91.1(a),(b). This Part does not apply to manufacturers of aircraft and/or component parts. By interjecting terms

such as "careless and reckless," it appears Plaintiff is attempting to reintroduce the state law claims this Court ruled were preempted. <u>Sikkelee</u>, 2010 WL 319934, at *9. Because this allegation has "no possible relation to the controversy and may cause prejudice" or confuse the issues, Paragraph 65 should be stricken.

Paragraph 60 states, in relevant part, that:

> Textron Lycoming sits at the top of the aviation food chain per federal regulations with respect to all components comprising the type certificated engine. *See Pridgen v. Parker Hannifin, Corp.* 591 Pa. 305, 310, 916 A.2d 619, 623 (Pa. 2007).

Am. Compl. ¶ 60, Ex. A. Plaintiff has misstated the quote from the <u>Pridgen</u> case. The passage from <u>Pridgen</u> does <u>not</u> make any reference to "federal regulations," but rather, the Pennsylvania Supreme Court noted, in dicta, that "we agree with Appellees' observation that Appellants 'sit at the top of the aviation food chain with respect to all components comprising the type certificated engine.' Appellees' Supplemental Brief In Further Support of Their Application for Reconsideration at 22." <u>Pridgen</u>, 916 A.2d at 623. The phrase "aviation food chain" did not come from the Supreme Court; it is a phrase made up by the plaintiffs' counsel in that case — the Supreme Court was citing from the plaintiffs' brief. Moreover, there is no private cause of action under the Federal Aviation Regulations, see <u>Rauch v. United Instruments, Inc.</u>, 548 F.2d 452, 457-58 & n.10 (3d Cir. 1976), or any applicable state law based on being on top of a supposed "aviation food chain." As such, this allegation should be stricken.

- 24 -

Paragraph 60 also contains a footnote which quotes from a Declaration filed by Precision Airmotive, and attached to an Opposition to a Motion for Preliminary Injunction, in a lawsuit filed in the United States District Court for the Western District of Washington.  Am. Compl. ¶ 60, n.1, Ex. A.  Not only do footnotes have no place in a pleading of numbered paragraphs, but references to a pleading filed in a completely different matter, involving a different set of facts and claims, is irrelevant, immaterial, and impertinent.  Footnote 1 should be stricken.

Paragraph 71 of the Amended Complaint contains the following footnote:

> *See July 23, 2007, Transcript of Testimony of Peter Nielson, in Godfrey/Grace v. Precision Airmotive et al.*, Circuit Court, Seventh Judicial Circuit, Volusia County, Florida, Case no. 2010-30640-CICI. That case led to a jury verdict against the defendants approximating $55 million.  See Internet, ttp://www.airlaw.com/verdicts.htm

Am. Compl. ¶ 71, Ex. A.  The reference to a multi-million dollar verdict in another case, involving a completely different set of facts and circumstances is irrelevant, impertinent, and immaterial.  The only conceivable purpose for this reference is to prejudice Defendants.  Moreover, the Florida Court of Appeal granted a new trial in that matter two weeks ago.  Godfrey v. Precision Airmotive, No. 5D07-4389, 2010 Fla. App. LEXIS 13423 (Fla. App. Sept. 10, 2010) (per curiam).  Consequently, this footnote should be stricken from the Amended Complaint.

## V.    CONCLUSION

Plaintiff has failed to assert sufficient facts to state a claim against Lycoming which is plausible on its face.  For all the foregoing reasons, Lycoming respectfully requests that this Honorable Court grant its Motion to Dismiss the Amended Complaint and enter an order dismissing Plaintiff's Amended Complaint in its entirety, with prejudice.

Respectfully submitted,

COZEN O'CONNOR

BY: _____
Catherine Slavin, Esquire (PA 48360)
Sara Anderson Frey, Esquire (PA 82835)
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
Attorneys for Defendant AVCO
Corporation, on behalf of its Lycoming
Engines Division

Date: September 29, 2010

- 26 -

## <u>CERTIFICATE OF COMPLIANCE WITH LR 7.8(b)(2)</u>

The undersigned hereby certifies that this Brief complies with LR 7.8(b)(2) in that, prior to filing same, Defendant AVCO Corporation, on behalf of its Lycoming Engines Division, received leave of court (Dkt. 164) to exceed the page limit requirements of the rule.

COZEN O'CONNOR

BY: _____
    Catherine Slavin, Esquire (PA 48360)
    Sara Anderson Frey, Esquire (PA 82835)
    1900 Market Street
    Philadelphia, PA  19103
    (215) 665-2000
    Attorneys for Defendant AVCO
    Corporation, on behalf of its Lycoming
    Engines Division

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on September 29, 2010, a true and correct copy of the foregoing **Brief in Support of Motion of Defendant Avco, Corporation, on behalf of its Lycoming Engines Division, to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)** was served by electronic means, through the Court's ECF system, upon all counsel of record.

COZEN O'CONNOR


BY: _____
         Catherine Slavin, Esquire (PA 48360)
         Sara Anderson Frey, Esquire (PA 82835)
         1900 Market Street
         Philadelphia, PA  19103
         (215) 665-2000
         Attorneys for Defendant AVCO
         Corporation, on behalf of its Lycoming
         Engines Division