# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, Individually and | : | CASE NO. 4:07-cv-00886-JEJ |
| as Personal Representative of the | : | |
| ESTATE OF DAVID SIKKELEE, | : | (Judge Jones) |
| deceased, | : | |
| | : | COMPLAINT FILED: |
| Plaintiff | : | May 16, 2007 |
| | : | |
| v. | : | |
| | : | |
| PRECISION AIRMOTIVE | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF DEFENDANT TEXTRON INC.'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Textron Inc. ("Textron"), by and through its undersigned counsel, submits this Brief in Support of Defendant Textron Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6):

## I.   INTRODUCTION

This action should be dismissed given the complete failure of Plaintiff, Jill Sikkelee, Individually and as Personal Representative of the Estate of David Sikkelee, Deceased ("Sikkelee"), to plead any facts that plausibly support any finding of liability against Textron. Sikkelee makes no specific allegations against

Textron, instead gratuitously lumping Textron in with other defendants, labeling them as a single group, and then making numerous sweeping allegations about what the single group of "the Textron defendants" allegedly did or did not do, as a group or in combination with other defendants.

Sikkelee appears to have filed suit against Textron because it is the parent company of AVCO Corporation ("AVCO"), even though the allegedly defective aircraft engine was manufactured and sold by an operating division of AVCO more than fifteen years **before** Textron acquired AVCO. Holding Textron directly liable for the actions of a separately incorporated subsidiary ignores the corporate form, yet Sikkelee neither alleges alter ego liability nor pleads any facts that would support such a theory of liability.

Sikkelee has failed to meet the pleading requirements for a complaint under the Federal Rules of Civil Procedure and, therefore, this action should be dismissed against Textron for failure to state claims upon which relief may be granted.

## II.    QUESTION PRESENTED

Should the "First Amended Complaint for Wrongful Death and Survival Action; And Demand for Jury Trial" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state plausible claims against Textron?

*Suggested Answer:  Yes.*

### III.   STATEMENT OF THE CASE

Sikkelee commenced this action on May 17, 2007.  Dkt. 1.  The Court granted a Motion for Judgment on the Pleadings based, in part, on Sikkelee's failure to allege the existence or violation of federal standards of care, Dkt. 158, and directed Sikkelee to file an Amended Complaint making such allegations.  See Sikkelee v. Precision Airmotive Corp., ___ F. Supp. 2d ___, 2010 WL 3199934, at *9 (M.D. Pa. Aug. 13, 2010).

On August 30, 2010, Sikkelee filed a "First Amended Complaint for Wrongful Death and Survival Action; And Demand for Jury Trial," Dkt. 160 ("Amended Complaint" or "Am. Compl.").   The Amended Complaint seeks damages arising from an accident in North Carolina involving a Cessna 172N aircraft and a "Lycoming O-320-D2C engine."   Am. Compl. ¶ 4, Ex. A.[1] Seventeen defendants are named in the Amended Complaint, and all of them are generally alleged to have manufactured, sold, or maintained certain aircraft components.  Am. Compl. ¶¶ 4-48, Ex. A.

Lycoming Engines (named here as "Textron Lycoming Reciprocating Engines Division") is an unincorporated operating division of AVCO.  Am. Compl. ¶ 45, Ex. A.  Textron is the parent company of AVCO and has been for the past quarter of a century.   "Before joining the Textron group in 1985, Avco

---

[1]   Exhibit references are to the exhibits attached to Defendant Textron Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 166).

Corporation (Avco) was the common parent of an affiliated group of corporations . . . . In 1984, Textron began to acquire stock in Avco, and by January 9, 1985, Textron had acquired over 80% of Avco's outstanding stock." Textron Inc. v. Comm'r of Internal Revenue, 336 F.3d 26, 28 (1st Cir. 2003).

In her pleading, Sikkelee "collectively refer[s]" to Textron, AVCO, and the unincorporated operating division of AVCO as "the Textron defendants" and states that these defendants are "individually sued in their individual and collective corporate names." Am. Compl. ¶ 48, Ex. A.   The Amended Complaint also lumps "the Textron defendants" together with other defendants named in the Amended Complaint, making broad, repetitive allegations about what defendants – some of them, all of them, or groups of them – did or did not do.[2]  The Amended Complaint fails to plead any specific facts about Textron, other than identifying it as the parent company of AVCO.  Am. Compl. ¶ 45, Ex. A.

## IV.   LEGAL ARGUMENT

This Court should dismiss all causes of action against Textron without leave to further amend because Sikkelee has failed to allege facts that would plausibly make Textron responsible for the allegedly tortious acts of an unincorporated operating division of Textron's separately incorporated subsidiary.

---

[2]   E.g., Am. Compl. ¶¶  48, 52-58, 62-65, 67-74, 76-85, 87-95(a-oooo), 96-112, 119(a-j), 126(a-j), 135(a-j), 140-143(a-j), 146-148(a-j), 149, 150, 153, (a-j), 155-160(a-p), 161-163, 184-188, 190-195, Ex. A.

A.      **Fed. R. Civ. P. 12(b)(6) Standard**

"[A] plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Rather, a plaintiff must show in her pleading that the claims pled are "plausible." Twombly, 550 U.S. at 555 & n.3.  Sikkelee has not met this standard because she has not plead plausible claims against Textron.

B.      **Textron's Status As The Parent Company of AVCO Is Insufficient to Confer Tort Liability Upon Textron**

"It is a general principle of corporate law 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 745 (W.D. Pa. 2004) (citing United States v. Bestfoods, 524 U.S. 51, 61 (1998)).  Thus, "mere ownership of a subsidiary does not justify the imposition of liability on the parent for the acts of the subsidiary." Id.  Similarly, a parent corporation has no duty, solely by virtue of its status as a corporate parent, to control a subsidiary's conduct or product designs to prevent harm to third parties. Joiner v. Ryder Sys. Inc., 966 F. Supp. 1478, 1489-90 (C.D. Ill. 1996).  Textron, as the parent corporation of AVCO, is not liable for the alleged tortious acts of its separate subsidiary corporation. Sheesley v. Cessna Aircraft Co., Civ. 02-4185, 2006 WL 1084103, at

*12 (D.S.D. Apr. 20, 2006) (holding Textron was not liable for the actions of its subsidiary, Cessna Aircraft Company, in the design and manufacture of aircraft and aircraft component parts).

A complaint that does not plead specifics but, rather, only labels defendants liable by virtue of mere association to one another, is insufficient to survive a motion to dismiss.  See In re Johnson, 292 B.R. 821, 826, 827 (Bankr. E.D. Pa. 2003) (dismissing a complaint containing only allegations "that all of the defendants were agents of one another, presumably such that the acts and omissions of each may be attributed to the entire group").  Textron's status as the parent company of AVCO, standing alone, is not enough to confer even potential liability on Textron.

### C.   Sikkelee Has Failed To Plead Any Facts Identifying Any Legally Plausible Products Liability Theory Against Textron

The Amended Complaint groups together and defines "the Textron defendants" this way:

> Defendants Textron, Inc., Avco Corporation, and Textron Lycoming Reciprocating Engine Division, a Division of Avco Corporation are collectively referred to as "the Textron defendants" and individually sued in their individual and collective corporate names.

Am. Compl. ¶ 48, Ex. A.  In so doing, Sikkelee treats Textron, a parent company, AVCO, its subsidiary, and Lycoming Engines, an unincorporated operating division of AVCO, as if they were one and the same.  The Amended Complaint

compounds this deficiency by making sweeping allegations about what was allegedly manufactured and/or sold by "the Textron defendants," "the Textron defendants and the Precision defendants," "the "Precision defendants and the Textron defendants," and various combinations thereof.   Lumping together multiple defendants in this fashion does not set forth the factual predicate necessary for legal plausibility.

In Kester v. Zimmer Holdings, Inc., the plaintiff filed a product liability action against various defendants, seven in total, claiming that a pain pump implanted after surgery was defective.   No. 2:10-cv-00523, 2010 WL 2696467 (W.D. Pa. June 16, 2010).   In the complaint, the plaintiff averred that the various defendants collectively owed her a duty and that the defendants breached such duty.   Id. at *5.   The defendants moved to dismiss based, in part, on the fact that the plaintiff made collective allegations and failed to identify the specific manufacturer of the pump.   Id.   The district court granted the motion to dismiss because the complaint "fail[ed] to allege the factual basis necessary for legal plausibility."   Id. at *8.   The court went on to state that a plaintiff in a products liability action must identify the specific defendant's conduct that allegedly caused the harm and that, without "'such identification, there can be no allegations of duty, breach of duty or legal causation, and hence there can be no liability.'"   Id. at *6 (citing Cummins v. Firestone Tire & Rubber Co., 495 A.2d 963, 967-68 (Pa.

Super. 1985)).  Ultimately, the court held that "that the speculative and collective identification of the Defendants fail[ed] to adequately identify which Defendant caused Plaintiff's alleged injury and the Complaint, therefore, [was] insufficient and speculative under Twombly and Iqbal." Id. at *6.

The same circumstances exist here.  Absent identification of specific conduct by Textron, this Court cannot assess the sufficiency of allegations, or make inferences, relating to the applicability of federal aviation standards governing aircraft component manufacturers and maintenance facilities or any alleged breaches thereof. See Sikkelee, 2010 WL 3199934, at *10.  Without such identification, there is no basis for allegations of duty, breach of duty, or legal causation, and, therefore, there can be no liability.  Kester, 2010 WL 2699467, at *6.  The repeated, perfunctory allegations regarding defendants in their "collective corporate names" fail to adequately identify Textron as having caused Sikkelee's alleged injury.  Am. Compl. ¶ 48, Ex. A.

The Amended Complaint similarly should be dismissed.  The allegations against Textron are "'conclusory and vague, and lack the requisite factual information to suggest that plaintiffs' claims are facially plausible.'"  Kester, 2010 WL 2699467, at *8.  The Amended Complaint fails to plead any factual basis for any allegation that Textron manufactured or sold any product makes it legally insufficient and, therefore, cannot survive a motion to dismiss.

- 8 -

**D.      Sikkelee Has Not Pled Any Facts to Justify Disregarding the Corporate Form**

The only potential legal justification for failing to differentiate Textron from AVCO and its Lycoming Engines division would be if there were grounds for disregarding AVCO's corporate form.  See, e.g., Purcell v. Universal Bank, N.A., No. 01-2678, 2003 WL 1962376, at *2 (E.D. Pa. Apr. 28, 2003).  Despite accusing the assorted "Kelly defendants" and "Precision defendants" of being alter egos of one another, Am. Compl. ¶¶ 5, 7, Ex. A (Kelly defendants); id. ¶¶ 12, 13, 14, 15, 16, 17, 37, 41, 42, Ex. A (Precision defendants), Sikkelee makes no such allegations regarding Textron.

The Amended Complaint also fails to plead facts that, if proven, would overcome Pennsylvania's strong presumption against finding that AVCO is Textron's alter ego.[3]  See Lumax Indus. v. Aultman, 669 A.2d 893, 895 (Pa. 1995); see also Vill. at Camelback Prop. Owners Ass'n, Inc. v. Carr, 538 A.2d 528, 533

---

[3]   Other jurisdictions impose similarly high burdens on plaintiffs seeking to pierce the corporate veil.  See, e.g., E. Rhoads & Sons, Inc. v. Ammeraal, Inc., 1988 WL 32012, at *6 (Del. Super. Mar. 24, 1988) (corporate parent will be liable for actions of its subsidiaries only "upon a showing of fraud or some inequity") (internal citation omitted); Glenn v. Wagner, 329 S.E.2d 326, 330 (N.C. 1985) (corporate veil may be pierced "to prevent fraud or achieve equity"); Doe v. Gelineau, 732 A.2d 43, 49 (R.I. 1999) (requiring "extreme provocation," such as where a corporate entity is used to "defeat public convenience, justify wrong, protect fraud or defend crime"); Mid-South Mgt. Co. v. Sherwood Dev. Corp., 649 S.E.2d 135, 143 (S.C. App. 2007) (requiring a showing that "retention of separate corporate personalities would promote fraud, wrong or injustice, or would contravene public policy").

(Pa. Super. 1988) (requiring "exceptional circumstances" to pierce the corporate veil).   Sikkelee fails to allege <u>any</u> of the factors necessary to overcome this presumption, "includ[ing] undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs, [or] the use of the corporate form to perpetrate a fraud."   <u>Kaites v. Dep't of Envtl. Res.</u>, 529 A.2d 1148, 1151 (Pa. Commw. 1987).

The Amended Complaint should be dismissed because Sikkelee has failed to allege that there are grounds for disregarding AVCO's corporate form or facts that would support such an allegation.  <u>See</u> <u>Powers v. Lycoming Engines</u>, No. 06-2993, 2007 WL 2702705, at *5 (E.D. Pa. Sept. 12, 2007) (dismissing Textron pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted).  Consequently, all claims in the Amended Complaint should be dismissed as to Textron.

## V.   CONCLUSION

Sikkelee has not pled facts to support any plausible cause of action against Textron.   Any claims against Textron – which did not manufacture or sell the aircraft engine or any replacement parts – appear to be based solely on its status as the parent company of AVCO.  There are no facts or theories alleged that would justify disregard of AVCO's corporate form.  Under the circumstances, defendant Textron Inc. respectfully requests that this Honorable Court grant its Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss all claims against Textron

with prejudice and without leave to further amend.

Dated:  October 1, 2010

Respectfully submitted,

/s/ Catherine Slavin
Catherine Slavin, Esquire (PA 48360)
Sara Anderson Frey, Esquire (PA 82835)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
Attorneys for Defendant Textron Inc.

## <ins>CERTIFICATE OF SERVICE</ins>

I HEREBY CERTIFY that, on October 1, 2010, a true and correct copy of the foregoing **Brief in Support of Defendant Textron Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6)** was served by electronic means, upon all counsel of record through the Court's ECF system.

/s/ Catherine Slavin
Catherine Slavin, Esquire (PA 48360)
Sara Anderson Frey, Esquire (PA 82835)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
cslavin@cozen.com
Attorney for Defendant Textron Inc.