**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILL SIKKELEE, individually and as | : | 07-cv-886 |
| Personal Representative of the Estate of | : | |
| David Sikkelee, deceased, | : | Hon. John E. Jones III |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRECISION AIRMOTIVE | : | |
| CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

### April 8, 2011

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

## I.    INTRODUCTION

Before the Court in this wrongful death/survival action are three Motions to

Dismiss: Defendant Avco Corporation's, on behalf of its Lycoming Engines

Divison, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) (Doc.

165); Defendants Precision Airmotive Corporation, Precision Airmotive LLC,

Burns International Services Corporation, Former Fuel Systems, Inc., Mark IV

1

Industries, Inc., Precision Aerospace Corporation, Precision Aerospace Services

LLC, Precision Aviation Products Corporation, Precision Products LLC, and

Zenith Fuel Systems LLC's[1] Motion to Dismiss Pursuant to Federal Rule of Civil

Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil

Procedure 12(f) (Doc. 167) (the remaining moving Defendants will be collectively

referred to as "Precision Defendants"); and Defendants Kelly Aerospace, Inc.,

Kelly Aerospace Power Systems, Inc., and Consolidated Fuel Systems, Inc.'s[2]

Motion to Dismiss (collectively, the "Kelly Defendants") (Doc. 175).  For the

purposes of convenience, we will address each Motion in this Memorandum and

Order.

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action on May 16, 2007 with the filing of a Complaint

and asserted claims related to an aircraft accident that resulted in the death of her

husband, David Sikkelee ("the decedent").  (Doc. 1).  Individually and as personal

representative of David Sikkelee's estate, Plaintiff named the above-named

---

[1]Defendants Former Fuel Systems, Inc., Mark IV Industries, Inc., Precision Aerospace Corporation, Precision Aerospace Services LLC, Precision Aviation Products Corporation, Precision Products, LLC, and Zenith Fuel Systems LLC were all terminated from the action before Plaintiff filed the Amended Complaint.

[2] The Court approved the settlement between Plaintiff and these Defendants on July 13, 2010.

Defendants.  In the 103-page Complaint, Plaintiff asserted five causes of action against the moving Defendants - strict liability, negligence, breach of warranty, misrepresentation, and concert of action - related to the manufacture of a carburetor that Plaintiff alleges malfunctioned.  On July 25, 2007, Defendants answered Plaintiff's Complaint.  On March 13, 2008, all Defendants jointly moved to transfer this case to the United States District Court for the Western District of North Carolina, and we denied that motion.  (Doc. 85.)

Several Defendants filed, or eventually joined, a Motion for Judgment on the Pleadings on March 17, 2009[3] (Doc. 107).  The Court granted in part and denied in part the Motion for Judgment on the Pleadings.  Construing Third Circuit precedent and this Court's previous opinions, we found that the field of aviation safety is preempted by federal law and regulation.  Therefore, we dismissed Plaintiff's claims that were based upon alleged violations of state common-law *standards of care*, but noted that state common-law *remedies* are still available if the Plaintiff could properly assert alleged violations of federal standards of care necessary to support those claims.  To that end, we granted Plaintiff leave to amend the complaint and properly plead said standards.

_____

[3]In May of 2009, the Court issued a stay of proceedings as to all parties involved because Defendant Mark IV Industries entered bankruptcy proceedings.  (Doc. 121.)  Upon resolution of those proceedings, the stay was lifted and an amended scheduling order issued.  (Doc. 125.)

3

Plaintiff filed the 155-page Amended Complaint on August 31, 2010.  (Doc. 160.)  Avco, the Precision Defendants, Textron, and the Kelly Defendants subsequently filed the above-mentioned Motions to Dismiss.  Pursuant to a Stipulation of Dismissal, Textron was terminated from the action on November 2, 2010 (Doc. 184) and their pending Motion to Dismiss (Doc. 166) was accordingly terminated.  All pending Motions (Docs. 165, 167, 175) have been fully briefed and are ripe for disposition.

## III.   STANDARDS OF REVIEW

### A.   Motion to Dismiss[4]

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the

---

[4]Plaintiff argues that *Twombly* and *Iqbal* should not apply to the Amended Complaint because the original Complaint was filed before those seminal cases issued.  While we disagree and will utilize the heightened pleading standards therein, the question of whether they apply is rendered academic by the fact that no part of Plaintiff's Complaint will be dismissed as insufficiently pled.

complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S. Ct. At

5

1949.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950.  Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### B.    Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Natale v. Winthrop Resources Corp.*, 2008 U.S. Dist. LEXIS 54358, 2008 WL 2758238 (E.D. Pa. July 9, 2008).  Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."  *Id.*

## IV.   FACTUAL BACKGROUND

In accordance with the standard of review, we have derived the following background facts from the well-pleaded allegations of the Complaint, and construe them, and all reasonable inferences therefrom, in the light most favorable to Plaintiff as the non-moving party.

This action arises from an accident involving a 1976 Cessna aircraft, operated by the decedent David Sikkelee.  On July 10, 2005, the decedent was piloting the subject aircraft when the aircraft lost power as a result of an engine fuel delivery system malfunction or defect shortly after takeoff.  Because of the loss of power, the decedent lost control of the aircraft and crashed.  The decedent

7

died as a result of severe injuries and burns sustained from the accident.

The subject aircraft was overhauled in 2004 to restore it to a "factory new or as new condition with new or as new components."  At that time a carburetor was installed that was rebuilt or overhauled by the Kelly Defendants, who installed new or as new parts within said carburetor.  The engine was tested and approved for a return to service.  The Carburetor Defendants serviced, manufactured, or supplied the carburetor.  The Textron Defendants[5] were the designer, manufacturer, seller, supplier, certifier, overhauler, repairer, maintainer, and product support servicer of the engine that was installed in the subject aircraft.

Plaintiff maintains that the Carburetor and Textron Defendants were aware of numerous problems and defects with the screws and locking mechanism that attaches the carburetor together.   Plaintiff further maintains that these Defendants failed to meet industry standards by failing to warn of these problems or provide instructions to maintain their safety.  Plaintiff advances that, beyond a mere failure to follow industry standard in that respect, Defendants further knowingly concealed such a defect.  Plaintiff asserts myriad other allegations related to these

---

[5]This grouping of Defendants refers to Textron, Inc., Avco Corporation, Textron Lycoming Reciprocating Engine Division.  We shall refer to the grouping as the Textron Defendants, but will address the remaining allegations as to Avco and the Lycoming Division, as Textron was terminated from the action.

8

Defendants' negligence.  Thus, Plaintiff asserts the following claims: Count I, Strict Liability against the Precision Defendants; Count II, Breach of Warranties against the Precision Defendants; Count III, Negligence against the Precision Defendants; Count IV, Strict Liability against the Textron Defendants; Count V, Breach of Warranties against the Textron Defendants; Count VI, Negligence against the Textron Defendants; Count VII, Strict Liability against the Kelly Defendants; Count VIII, Breach of Warranties against the Kelly Defendants; Count IX, Negligence against the Kelly Defendants; Count X, Misrepresentation against the Precision and the Textron Defendants; Count XI, Concert of Action against the Precision and the Textron Defendants; and Count XII, Misrepresentation against the Kelly Defendants.

## V.    DISCUSSION[6]

As noted previously, we shall resolve each motion *ad seriatim.*

### A.    Avco Defendants' Motion to Dismiss[7]

The Avco Defendants raise seven arguments in support of its Motion to

---

[6]Because we are primarily denying each Motion to Dismiss, we will only briefly detail our analysis of the more salient arguments or points, but assure each party that we have considered fully all arguments in support of or opposition to each Motion.

[7]*See* Avco Corporation's Motion to Dismiss (Doc. 165) filed on September 17, 201, Brief in Support (Doc. 170) filed on September 29, 2010, Plaintiff's Brief in Opposition (Doc. 182) filed on November 1, 2010, and Defendants' Reply (Doc. 189) filed on November 18, 2010.

Dismiss: that Plaintiff has failed to plead that Lycoming manufactured, sold, or supplied the defective parts; that Plaintiff fails to establish the knowing misrepresentation exception to the General Aviation Revitalization Act, and thus the action is barred; that Plaintiff fails to plead that she was aware of any representation made by Lycoming and thus her breach of express warranty fails; that Plaintiff fails to allege facts sufficient to support a breach of implied warranty claim; that Plaintiff fails to identify the date, place, or time of an alleged fraud and thus her misrepresentation claim must fail; that Plaintiff fails to sufficiently allege a concert of action claim; and, finally that certain immaterial or impertinent allegations should be stricken.

At the outset, we note as the Avco Defendants note in their Reply Brief (Doc. 189) that Plaintiff failed to respond to Defendants arguments regarding her breach of express and implied warranties claims, her misrepresentation claims, and her concert of action claim.  Because of Plaintiff's failure to respond to these arguments, we deem them unopposed and will grant the Avco Defendants' Motion to Dismiss in those respects.[8]  *See* L.R. 7.6; *see also Cruise v. Marino*, 404 F. Supp. 2d 656, 668 (M.D. Pa. Dec. 12, 2005 (Mannion, J.) (deeming unopposed

---

[8]The Court has no reason to doubt that Plaintiff intentionally abandoned those claims in her 35-page Brief in Opposition (Doc. 182).  A cursory review of those claims and Defendants' arguments likewise supports dismissal.

arguments plaintiff failed to respond to); *Sanders v. Downs*, 2009 U.S. Dist.

LEXIS 125655, *137 FN 16 (M.D. Pa. Nov. 25, 2009) (Mannion, J.) (same);

*Desi's Pizza, Inc. V. City of Wilkes-Barre*, 2006 U.S. Dist. LEXIS 59610, *10

(M.D. Pa. August 23, 2006) (Blewitt, J.) (same).  We will address Defendants'

remaining arguments relative to the claims that Plaintiff did choose to pursue in

turn.

### 1.    Lycoming's Relationship to the Allegedly Defective Carburetor

The Avco Defendants argue that Plaintiff fails to allege that Lycoming

manufactured, sold, or supplied the allegedly defective parts, and thus there can be

no cause of action against Lycoming.  We disagree.  Though Plaintiff alleges at

length the collective responsibility of the carburetor by other parties, she likewise

provides numerous and detailed allegations that, when viewed in the light most

favorable to her cause, support a claim that Lycoming was the manufacturer or in

the chain of production of the subject carburetor.

### 2.    The General Aviation Revitalization Act (GARA)

The Avco Defendants argue that the Amended Complaint fails to set forth

enough facts to establish GARA's knowing-misrepresentation exception.  GARA,

enacted in 1994, imposes an eighteen (18) year statute of repose on civil actions

for death, personal injury, or property damage relating to general-aviation aircraft

and parts.  Specifically, the statute provides that no action may be maintained if

the accident occurred more than eighteen years after the date of delivery of an

aircraft to its first purchaser or vendor.  Further, the GARA provides,

> with respect to any new component, system, subassembly, or other part
> which replaced another component, system, subassembly, or other part
> originally in, or which was added to, the aircraft, and which is alleged
> to have caused such death, injury, or damage, [no action shall be
> maintained] after the applicable limitation period **beginning on the date
> of completion of the replacement or addition.**

The General Aviation Revitalization Act of 1994, Pub. L. No. 103-298, 108 Stat.

1552, reprinted in 49 U.S.C.S. § 40101, note (emphasis added).  Thus, in order to

assert a cause of action that is not barred by GARA with respect to the malfunction

of a component part, a plaintiff must allege that the part was placed into service

less than eighteen years before the accident.

Thus, as Defendants quote, "the statute acts not just as an affirmative

defense, but instead 'creates an explicit right not to stand trial." (Doc. 189 at 8

(quoting *Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008)

(internal quotation omitted)).)  There are, however, four exceptions to the general

repose of GARA.  Plaintiff pleads the knowing misrepresentation exception,

whereby a plaintiff may still assert a claim after the eighteen-year period if:

12

the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component . . . of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component . . .  that is causally related to the harm which the claimant allegedly suffered.

*Id.*

We need not, at this juncture, evaluate whether Plaintiff has specifically pleaded the knowing-misrepresentation exception to GARA, though a question may eventually be raised as to whether she has proven it.  Based upon the face of the Amended Complaint, GARA's statute of repose does not apply to the subject carburetor.  Plaintiff alleges that a "factory new Lycoming engine" was installed on the subject aircraft in December 1998, and that the aircraft was restored to a factory new or new condition in 2004.  The subject carburetor was, allegedly, installed at that time.  (Doc. 160 ¶¶ 8-10.)  Thus, based upon the allegations of the Amended Complaint, the component part at issue had been in service for less than eighteen years, and thus suit is not barred by GARA.  Should the facts, eventually, indicate otherwise, the Court will address whether Plaintiff can plead or prove the knowing-misrepresentation exception in future motions practice.

### 3.    Motion to Strike

Defendants seek to strike paragraphs 65, 60, and 71 from the Amended Complaint. As noted previously, relief under Federal Rule of Civil Procedure 12(f) is an extraordinary remedy and is generally disfavored. As such, a motion to strike will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale v. Winthrop Resources Corp.*, 2008 U.S. Dist. LEXIS 54358, 2008 WL 2758238 (E.D. Pa. July 9, 2008). The Avco Defendants have not demonstrated that the allegations have no relationship to the controversy or will cause prejudice, and we will deny the Motion to Strike.

### 4.    Summary

We will grant Avco's Motion to Dismiss (Doc. 165) as it relates to Plaintiff's warranty, misrepresentation, and concert of action claims, and will accordingly dismiss from the Amended Complaint Counts V, X, and XI with respect to the Avco ("Textron" in the Amended Complaint) Defendants. We shall deny the Motion in all other respects.

### B.    Precision Defendants' Motion to Dismiss[9]

### A.    Motion to Dismiss

---

[9]*See* Precision Defendants' Motion to Dismiss or Strike (Doc. 167), Defendants' Brief in Support (Doc. 172), Plaintiff's Brief in Opposition (Doc. 183), Defendants' Reply (Doc. 188), and Plaintiff's Sur-Reply (Doc. 194-3).

The Precision Defendants offer three core arguments in support of their Motion to Dismiss.  (Doc. 167.)  First, the Precision Defendants maintain that the Amended Complaint contains general allegations with respect to all Defendants and fails to delineate an particular averment with respect to each, and thus fails to meet pleading standards.  Second, the Precision Defendants argue that Plaintiff alleges violations of regulations that do not impose standards on component-part manufacturers.  Finally, the Precision Defendants claim that Plaintiff only cites whole code sections to generally allege duties, and thus fails to put Defendants on notice of the specific claims against them.  Thus, instead of attacking the causes of action in the Amended Complaint specifically, the Precision Defendants argue that the Amended Complaint as a whole fails to place Defendants on notice of the claims against them.  In support of those broad contentions, the Precision Defendants provide an *ad hoc* description of various paragraphs to demonstrate that Plaintiff has failed to meet the requirements of Rule 8.

Alternatively, the Precision Defendants seek to strike all references to previously-dismissed Defendants and allegations from the Amended Complaint. These Defendants cite a laundry list of paragraphs and allege that they improperly assert state regulations and state-law standards of care.  Though Plaintiff may not avail herself of state-law standards of care based upon our analysis articulated in

15

the August 13, 2010 Memorandum and Order, she must establish the availability of relief based upon different causes of action because the Federal Aviation Act itself does not provide a private right of action.  We agree with the Precision Defendants that it is entirely too cumbersome to wade through the 155-page Amended Complaint to pick out exactly which language is improperly repeated. As we shall repeat in more detail below, we will grant the Motion to Strike in part and strike all references to previously dismissed Defendants and allegations.  We will grant Plaintiff leave to amend the Amended Complaint with the expectation that she will remove all impertinent or previously-dismissed allegations relating to claims or Defendants.  We strongly caution Plaintiff to carefully consider each allegation and its necessity and viability based upon our dictates in the August 13, 2010 Memorandum and Order.[10]

Though the Amended Complaint is voluminous and despite the fact that Plaintiff failed to properly amend her claims, we find that as a whole it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949

---

[10]We likewise further caution Plaintiff to review and strictly adhere to the Local Rules. Plaintiff failed to abide by Local Rule 7.8, which mandates that "[n]o brief may incorporate by reference all or any portion of any other brief."  Further, Local Rule 7.8 provides that a brief may not exceed fifteen pages of 5,000 words, and that counsel must certify that the party complied with the rule and "state the *actual number of words in the brief*."

(2009).  Further, we trust that further amendment will cure the confusion caused by Plaintiff's collective averments and provide more specificity.  Therefore, we will deny the Precision Defendants' Motion to the extent that it seeks dismissal.

### C.   Kelly Defendants' Motion to Dismiss[11]

The Kelly Defendants filed a Motion to Dismiss the Amended Complaint on October 15, 2010.  The Court understands that the Kelly Defendants filed this Motion in an abundance of caution.  Nonetheless, pursuant to the settlement between Plaintiff and the Kelly Defendants, approved by the Court on July 13, 2010, Plaintiff agreed to release all claims against the Kelly Defendants.  Thus, the Kelly Defendants are absolved from further liability in this action.  Nonetheless, as the Precision and Avco Defendants argue, the Kelly Defendants' presence is essential in terms or apportioning liability among Defendants.  We recognize that, as a practical matter, the Kelly Defendants would possibly be represented by empty chairs in an ensuing trial.  Even so, a non-settling defendant has a "right to require a codefendant settling on a *pro rata* release to remain in the case through trial and verdict to establish joint tortfeasor status."  *Claudio v. Dean Mach. Co,*, 786 A.2d 224, 233 (Pa. Super. 2002), *rev'd on other grounds*, 831 A.2d 140 (Pa.

---

[11]*See* Kelly Defendants' Motion to Dismiss and Brief in Support (Doc. 175), the Avco Defendants' Response in Opposition (Doc. 180), and the Precision Defendants' Response joining the Avco Defendants (Doc. 185).

2003) (quoting *Carr v. American Red Cross*, 17 F.3d 671, 673 (3d Cir. 1994)).

Therefore, given the position asserted by the Precision and Avco Defendants, at

least the nominal presence of the Kelly Defendants is required, and we shall deny

the their Motion to Dismiss (Doc. 175).

## VI.    CONCLUSION

For the foregoing reasons, the Court shall deny the Kelly Defendants'

Motion to Dismiss (Doc. 175).  The Court shall likewise deny in part the Avco

Defendants' Motion to Dismiss and Strike (Doc. 165) and grant it in part to the

extent that Plaintiff abandoned her claims.  Thus, Counts V, X, and XI with

respect to the Avco ("Textron" in the Amended Complaint) Defendants are

dismissed.  Finally, we shall deny in part the Precision Defendants' Motion to

Dismiss and Strike and grant that Motion to the extent that it seeks to strike from

the Amended Complaint previously dismissed allegations or Defendants (Doc.

167).

In filing the Amended Complaint, Plaintiff failed to delete from the caption

or the body references and allegations to Defendants that were previously

terminated from the action.  For the purposes of streamlining a cumbersome

complaint and promoting the Court's efficiency in resolving expected future

motions practice, Plaintiff shall file an amended document that is responsive to

18

this Order, all previous orders, or relevant docket annotations.  We advise that,

subsequent to that amendment, Defendants may move to dismiss or strike portions

of the Complaint only to the extent that Plaintiff did not properly amend – we will

not reconsider substantive arguments with respect to the remaining claims in any

motion to dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    The Kelly Defendants' Motion to Dismiss (Doc. 175) is **DENIED**;

2.    The Precision Defendants' Motion to Dismiss (Doc. 167) is

      **GRANTED IN PART AND DENIED IN PART** to the extent

      indicated;

      a.    All previously dismissed allegations and Defendants are

            **STRICKEN** from the Amended Complaint.

3.    The Avco Defendants' Motion to Dismiss is **GRANTED IN PART**

      **AND DENIED IN PART** to the extent indicated;

4.    Counts V, X, and XI with respect to the Avco ("Textron" in the

      Amended Complaint) Defendants are **DISMISSED;**

5.    Plaintiff **SHALL FILE** a Second Amended Complaint pursuant to

      the dictates of this Memorandum within ten (10) days of the date of

      this Order.  Failure to properly amend within the allotted time may

result in prejudicial dismissal of the action.

/s/ John E. Jones III
John E. Jones III
United States District Judge