```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JILL SIKKELEE, individually and as  : CIVIL ACTION NO. **4:CV-07-0886**
Personal Representative of the Estate :
of DAVID SIKKELEE, deceased,        : (Judge Jones)
                                    :
            Plaintiff                : (Magistrate Judge Blewitt)
                                    :
       v.                            :
                                    :
PRECISION AIRMOTIVE                  :
CORPORATION, et al.,                 :
                                    :
            Defendants               :

## MEMORANDUM AND ORDER

## I. Background.

Since the District Court stated the procedural and factual backgrounds of this case in its August 13, 2010 Memorandum, and we stated it in our April 12, 2012 Memorandum (Doc. 291), we do not repeat it herein. *See Sikkelee v. Precision Airmotive Corp.*, 731 F.Supp.2d 429 (M.D. Pa. 2010).

On August 31, 2011, Plaintiff filed a Motion to Compel Defendant AVCO Corporation, on behalf of its Lycoming Engine Division (hereinafter collectively referred to as "Lycoming"), to provide her with full and complete discovery responses. (Doc. 227). Plaintiff's Motion to Compel was briefed and exhibits were submitted. (Docs. 254, 255 & 258). The Court referred Plaintiff's Motion to Compel to the undersigned for disposition. (Docs. 237 & 239). On October 31, 2011, we conducted oral argument with respect to Plaintiff's motion. (Doc. 240).

The specific document requests of Plaintiff which were in dispute were numbers 1, 4, 5, 6, 8, 32, 37, 50, 51 and 58. (*See* Doc. 259).

On April 12, 2012, we issued a Memorandum and Order and granted Plaintiff's Motion to Compel. (Doc. 291). Specifically, we ordered that Defendant Lycoming was directed to respond to Plaintiff's Document Request Numbers 1, 4, 5, 6, 8, 32, 37, 50, 51 and 58, to the extent stated in our accompanying Memorandum, within thirty (30) days of the date of our Order.

On April 26, 2012, Defendant Lycoming filed a Motion to Amend and/or Clarify our April 12, 2012 Order. (Doc. 294). On June 20, 2012, we issued a Memorandum and Order and, we denied Defendant Lycoming's Motion to Amend and/or Clarify our April 12, 2012 Order. (Doc. 298). We also directed Defendant Lycoming to respond to Plaintiff's Document Request Numbers 1, 4, 5, 6, 8, 32, 37, 50, 51 and 58, to the extent stated in our April 12, 2012 Memorandum, within ten (10) days.

On August 30, 2012, Plaintiff filed a Motion for Discovery Sanctions against Defendant Lycoming claiming Defendant violated the Court's discovery Orders (Docs. 291 & 298). **(Doc. 310).** The Plaintiff's Motion has been briefed. The Court referred Plaintiff's Doc. 310 Motion to the undersigned for disposition. (Doc. 330). As such, on October 31, 2012, we issued an Order scheduling oral argument for November 13, 2012. (Doc. 331). We also directed that prior to the oral argument, counsel for Plaintiff and counsel for Defendant Lycoming had to meet <u>in person</u> to review all outstanding discovery disputes at issue in Plaintiff's Doc. 310 Motion and, to try and resolve as many issues as they could. We further ordered that counsel were to file with the Court, five (5) days prior to the oral argument, a Joint Status Report detailing (item by item) any and all issues, with respect to Plaintiff's Doc. 310 Motion, still disputed and detailing discovery requests which have been amicably resolved.

The parties filed their Joint Status Report on November 8, 2012. (Doc. 334). On November 13, 2012, we heard, on the record, oral argument with respect to Plaintiff's Doc. 310 Motion.

**II. Discussion.**

Counsel for both parties represented that they resolved all disputes with respect to Plaintiff's Doc. 310 Motion except for the one involving the redacted e-mails which Defendant provided to Plaintiff. The redacted e-mails which Defendant provided to Plaintiff are LYCS Bates numbers 5079, 5107-5108, 5155-5159, and 5122. (Doc. 334, p. 2). As such, we find that Plaintiff's Doc. 310 Motion is now moot except with respect to the redacted e-mails which Defendant provided to Plaintiff. Following the November 13, 2012 oral argument, we directed Defendant to provide us with the unredacted documents at issue along with its privilege log for our in camera review. We received the stated documents from Defendant on November 26, 2012. Defendant marked the relevant e-mails with green tabs.

Initially, Defendant contends that the e-mails at issue were not part of Plaintiff's original motion to compel, post-date the accident in this case and were not included in our discovery Orders. (Docs. 291 & 298). Defendant states that Plaintiff should file a new motion to compel with respect to the redacted e-mails. We agree with Plaintiff that the e-mails are responsive to our prior discovery Orders. Thus, we will not require Plaintiff to file a new motion to compel.

Defendant contends that the e-mails were properly redacted since they are protected from complete disclosure based on the attorney-client privilege. Defendant indicated that it gave Plaintiff a privilege log with respect to the redacted e-mails. Plaintiff argues that the documents were not properly redacted and that they are not protected by attorney-client privilege. Plaintiff states that

the e-mails are relevant and will show that Defendant knew about the loosening of the throttle body to bowl screws on O-320 engines in 2003, and that the e-mails involve a business purpose and do not fall under the attorney-client privilege. In particular, Plaintiff maintains that the e-mails were between Defendant's engineers and that Defendant's attorneys were merely provided with courtesy copies of the e-mails. Plaintiff further maintains that to the extent Defendant's attorneys were provided with copies of the e-mails, they were acting outside of their role as legal counsel and were involved in fixing the problem with the throttle body screws. Thus, Plaintiff argues that e-mails were not properly redacted since they were not protected from disclosure based on attorney client privilege and, since Defendant's attorneys were only given courtesy copies and not asked for legal advice.[1]

In *Sullivan v. Warminster Tp.*, 2011 WL 780543, *2 (E.D. Pa. 3-4-11), Court stated:

> The Third Circuit has defined the attorney-client privilege as follows:
> [t]he traditional elements of the attorney client privilege that
> identify communications that may be protected from disclosure in discovery
> are: (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the
> bar of a court, or his or her subordinate, and (b) in connection with
> this communication is acting as a lawyer; (3) the communication relates to a
> fact of which the attorney was informed (a) by his client (b) without the
> presence of strangers (c) for the purpose of securing primarily either (i) an
> opinion of law or (ii) legal services or (iii) assistance in some legal proceeding,
> and (d) not for the purpose of committing a crime or tort; and (4) the privilege
> has been (a) claimed and (b) not waived by the client.
>
> *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir.1994) (citations omitted). The party claiming that evidence is subject

---

[1] We note that Plaintiff indicated during oral argument it only seeks the unredacted e-mails and does not seeks costs or sanctions against Defendant Lycoming in its Doc. 310 Motion.

4

to the attorney-client privilege bears the burden of establishing the privilege. *United States v. Voigt*, 89 F.3d 1050, 1067 n. 6 (3d Cir.1996). Furthermore, "under traditional waiver doctrine a voluntary disclosure to a third party waives the attorney-client privilege even if the third party agrees not to disclose the communications to anyone else." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1427 (3d Cir.1991).

We now review the redacted e-mails at issue in the order listed on Defendant's privilege log.

With respect to the May 11, 2007 e-mail from Tim J. Harrington, Jr., General Counsel for Lycoming Engines to Michael Kraft, Jerry Helminiak and Ken Kremer, and cc: Ian Walsh, on Precision carburetors, and Kraft's responsive e-mail of May 16, 2007, to Helminiak, Bates number LYCS 5079, we find that these e-mails are protected from disclosure by the attorney-client privilege. Thus, we find Defendant's privilege log to be proper with respect to Bates number LYCS 5079.

Next, we consider Bates number LYCS 5107-5108, a January 25, 2008 e-mail from Lynda Phillips on the subject of pre-publication copy of Service Bulletin ("SB") No. 366B, revising SB 366A, along with a copy of SB 366B and e-mail strings dated January 23 and 24, 2008, regarding proposed language to be included in SB 366B. We also consider Bates number LYCS 5117, a January 18, 2008 e-mail from Tim Harrington to Michael Kraft on the subject of revised SB No. 366B.

We find that Bates number LYCS 5117, the January 18, 2008 e-mail from Tim Harrington, is protected from disclosure by the attorney-client privilege as reflected in Defendant's privilege log. However, we do not find that Bates number LYCS 5107-5108 regarding proposed language to be included in SB 366B is protected from disclosure by the attorney-client privilege. Thus, we

5

will direct Defendant to provide Plaintiff with unredacted copies of Bates number LYCS 5107-5108.

We now consider Bates numbers LYCS 5118 and LYCS 5119, October 19, 2007 e-mails from Michael Kraft to Tim Harrington and from Tim Harrington to Michael Everhart and others listed on Defendant's privilege log on the subject of amending SB 366. We find that Bates number LYCS 5119 is subject to the attorney-client privilege but not Bates number LYCS 5118. We do not find that the remaining redacted material in the e-mail string comprising Bates number LYCS 5118 is protected by the attorney-client privilege. As such, we will direct Defendant to provide Plaintiff with unredacted Bates number LYCS 5118, including the corresponding e-mail string.

Finally, we consider the February 22, 2005 e-mail from Richard Moffett to Tim Harrington with an attached proposed response letter from Moffett to Precision Airmotive. There is no Bates number assigned this e-mail on Defendant's privilege log but it is the last item listed on the log. We agree with Defendant that this e-mail is protected by the attorney-client privilege. This e-mail was clearly sent to Harrington for the purpose of obtaining legal advice.

## III. Conclusion.

Accordingly, we shall grant, in part, and deny, in part, Plaintiff's Motion for Discovery Sanctions against Defendant Lycoming. **(Doc. 310)**.

An appropriate Order will follow.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 30, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, individually and as Personal Representative of the Estate of DAVID SIKKELEE, deceased, | : : : : | CIVIL ACTION NO. **4:CV-07-0886** (Judge Jones) |
| Plaintiff | : : | (Magistrate Judge Blewitt) |
| v. | : : | |
| PRECISION AIRMOTIVE CORPORATION, et al., | : : : : | |
| Defendants | : | |

## ORDER

AND NOW, this 30th day of **November**, 2012, upon consideration of Plaintiff's Motion for Discovery Sanctions against Defendant Lycoming **(Doc. 310)**, and the briefs of the parties as well as oral argument, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Discovery Sanctions against Defendant Lycoming **(Doc. 310)** is **DENIED AS MOOT** except with respect to the redacted e-mails which Defendant provided to Plaintiff.

2. Plaintiff's Motion for Discovery Sanctions against Defendant Lycoming **(Doc. 310)** is **GRANTED, IN PART,** insofar that Defendant Lycoming is directed to provide Plaintiff with unredacted e-mails marked as Bates numbers LYCS 5107-5108 and Bates number LYCS 5118,

7

to the extent stated in our foregoing Memorandum, within **ten (10) days** of the date of this Order.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: November 30, 2012