IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, individually and as personal representative of the estate of DAVID SIKKELEE, deceased, | : : : : : | Case No. 4:07-cv-00886 |
| Plaintiff | : : | (Judge Brann) |
| v. | : : | |
| PRECISION AIRMOTIVE CORPORATION, PRECISION AIRMOTIVE LLC, PRECISION AEROSPACE CORPORATION, PRECISION AEROSPACE SERVICES LLC, PRECISION AVIATION PRODUCTS CORPORATION, PRECISION PRODUCTS LLC, ZENITH FUEL SYSTEMS LLC, BURNS INTERNATIONAL SERVICES CORPORATION, FORMER FUEL SYSTEMS, INC., MARK IV INDUSTRIES, INC., TEXTRON LYCOMING RECIPROCATING ENGINE DIVISION, TEXTRON, INC., AVCO CORPORATION, KELLY AEROSPACE, INC., KELLY AEROSPACE POWER SYSTEMS, INC., ELECTROSYSTEMS, INC., CONSOLIDATED FUEL SYSTEMS, INC., | : : : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

1

**MEMORANDUM**

July 9, 2013

Testing the limits of this Court's Local Rule 7.10 (permitting motions for reconsideration) and arguably overstepping the bounds of tactfulness, on June 17, 2013, defendant Lycoming filed a motion for reconsideration of the Court's June 3, 2013 Order (ECF No. 359) denying Lycoming's previous motion for reconsideration of the Court's July 3, 2012 Order (ECF No. 299) partially denying Lycoming's motion for summary judgment.

The present motion is denied for the following reasons, expressed briefly. First, the Court's October 17, 2012 Order allowing the parties to file additional motions for reconsideration did not create "law of the case." (Pl.'s Br. at 6).

Second, when considered in the context of the relevant opinions, Lycoming's arguments based on language from Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 60 (3d Cir. 2009) and Covell v. Bell Sports, Inc., 651 F.3d 357, 365-66 (3d Cir. 2011), are unconvincing. (Pl.'s Br. at 7). They are also contrary to arguments Lycoming made previously in this litigation. (Ct. Mem. & Order, June 3, 2013, ECF No. 359 at 15 n.10). Moreover, Lycoming fails to offer a single example of how Section 20 of Restatement 3d "inherently conflicts with the case law decided under Section 402A [of Restatement 2d]." (Pl.'s Br. at 8).

Third, Lycoming's argument that this Court improperly neglected to make an <u>Erie</u> prediction with respect to the adoption of Section 20 of Restatement 3d falls under its own weight. To the extent it sought "more" from the Court, "including surveying the appropriate precedent," etc. (Pl.'s Br. at 10), Lycoming might have brought at least a single instance of relevant precedent to the Court's attention for consideration.

In closing, the Court notes that even were it to predict that Pennsylvania will adopt Section 20 of Restatement 3d, this would not get Lycoming out of the woods. Restatement 3d itself recognizes that its Section 20 does not include all potentially liable defendants. <u>See, e.g.</u>, Restatement (Third) of Torts: Prod. Liab. § 14 cmt. d (1998) (trademark licensors who participate substantially in the design of a licensee's product are treated as sellers under the circumstances). That is to say, Restatement 3d recognizes that certain circumstances call for treating a non-"seller" as a "seller" for liability purposes, and it seems likely, for reasons stated in the Court's June 3, 2013 Memorandum, that it would not have been a clear error of law for the Court, when Lycoming's summary judgment motion was decided just over a year ago, to have decided this was such a circumstance.

The Court declines to decide whether Local Rule 7.10 permits a motion to reconsider an Order denying a previous motion to reconsider, but will surely take

3

up that issue if Lycoming wages, contrary to all common knowledge, that a fourth bite at this apple will be sweeter than the first bitter three.

An Order follows.

s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, individually and as personal representative of the estate of DAVID SIKKELEE, desceased, | : : : : : : | Case No. 4:07-cv-00886 |
| Plaintiff | : : | (Judge Brann) |
| v. | : : | |
| PRECISION AIRMOTIVE CORPORATION, et al., | : : : | |
| Defendants. | : | |

## ORDER

AND NOW, this 9th day of July, 2013, it is hereby ORDERED in accordance with the accompanying memorandum that Lycoming's motion for reconsideration (ECF No. 360) is DENIED.

s/ Matthew W. Brann<br>
Matthew W. Brann<br>
United States District Judge