IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, individually and as personal representative of the estate of DAVID SIKKELEE, deceased, | : : : : : | Case No. 4:07-cv-00886 |
| Plaintiff | : : | (Judge Brann) |
| v. | : : | |
| PRECISION AIRMOTIVE CORPORATION, et al., | : : : | |
| Defendants. | : | |

**MEMORANDUM**

**November 20, 2013**

Following an August 7, 2013 conference call, the Court scheduled trial in this matter to begin on December 2, 2013. The parties's motions in limine and supporting briefs were due October 10, 2013. Pre-trial memoranda, proposed voir dire, and proposed jury instructions were due October 24, 2013. On October 15, 2013, the Court granted Lycoming's motion for enlargement of time, making Lycoming's briefs in support of its motions in limine due October 14, 2013 (ECF No. 404); likewise Ms. Sikkelee was given until October 14, 2013 to file three of her supporting briefs (ECF NO. 405). Finally, on November 4, 2013, Ms.

Sikkelee's time to file briefs in opposition to Lycoming's motions in limine was enlarged to November 4, 2013. (ECF No. 429).

Under normal circumstances, this schedule – even taking the brief extensions granted by the Court into account – would give the Court ample time to decide the various motions and to fashion, based on the parties's submissions and a reasonable amount of independent research, near-final jury instructions to be refined, not invented, during a charge conference.

The Court is not, however, working under normal circumstances in this case. As this District's Chief Judge, the Honorable Christopher C. Conner, has rather bluntly explained, the decision of the United States Court of Appeals for the Third Circuit in Abdullah v. Am. Airlines, Inc., 181 F.3d 363 (3d Cir. 1999), which this Court is bound to follow,[1] "fails in its application to aviation products liability cases." Pease v. Lycoming Engines, 2011 WL 6339833, at *22 (M.D. Pa. Dec. 19,

---

[1]The Honorable John E. Jones III, who was then presiding over this matter, held in Sikkelee v. Precision Airmotive Corp., 731 F. Supp. 2d 429, 438 (M.D. Pa. 2010), that "this action is indeed controlled by Abdullah," despite "perceiv[ing] the wisdom of the various decisions in other Circuits that have failed to find preemption in circumstances similar to the case at bar." Id. at 438. But see Lewis v. Lycoming, 2013 WL 3761179, at *5 (E.D. Pa. July 17, 2013) (Bartle, J.) (reasoning that the language from Abdullah that guided Judge Jones was "dicta, not the holding of the case," and holding that federal aviation law does not preempt state products liability, negligence, or breach of warranty law as applied to aircraft design and manufacture).

2011).

As Chief Judge Conner has explained, "FAA regulations relating to the design and manufacture of airplanes and airplane component parts were never intended to create federal standards of care." Id. This makes construing the regulations as standards of care, which Abdullah requires, "arduous and impractical." Pease, 2011 WL 6339833, at *23. Chief Judge Conner found under similar circumstances that "[t]he court's obligation to instruct the jury with these obscure regulations will be severely challenged, and there is no jurisprudential guidance to assist the court in formulating an intelligible statement of applicable law." Id.

On November 5, 2013, the Court ordered, among other things, a hearing to take place on November 13, 2013. (ECF No. 437). In that same Order, the Court instructed the parties to be "prepared for oral argument on the law to be applied for purposes of determining Avco Corp.'s liability." Id. At oral argument on November 13, 2013, having reviewed the plaintiff's proposed jury instructions, the Court gave voice to the consternation that greeted its efforts to, on the one hand, derive plaintiff's proposed instructions from fair interpretations of the cited regulations and, on the other hand, apply the cited regulations to the particular facts

of this case.[2] The Court expected plaintiff's counsel to assure the Court

---

[2]At oral argument on November 13, 2013, the Court explained that, although Lycoming did not manufacture the carburetor that Ms. Sikkelee alleges was defective, Lycoming is potentially liable under Pennsylvania tort law, but only if it breached a standard of care set by federal aviation law:

> [T]he Court disagrees with Avco Lycoming that there needs to be substantial additional discussion with respect to Lycoming – Avco Lycoming's potential liability for design defects and insufficient warnings if the federal law sets standards of care in those areas.
>
> . . .
>
> As the Court held in its June 3rd, 2013 Order, it was not . . . clear error for Judge Jones to hold that Avco Lycoming is potentially liable in negligence. The Court hastens to point out that this would be the case even if it had predicted that Pennsylvania would adopt Section 20 of Restatement Third. As the Court has already explained, and contrary to Avco Lycoming's claim that Section 20 of Restatement Third relieves them of all liability, the authors of Restatement Third acknowledge that Section 20 is not an exhaustive list of the defendants potentially liable for product defects. [citing Restatement 3d § 14 cmt. d].
>
> . . .
>
> Moreover, and even assuming that Avco Lycoming cannot be treated as a seller, the Court understands with respect to the allegedly defective carburetor in this case, that the plaintiff has evidence showing [sic] that Avco Lycoming's control over the design of the carburetor overhauled by Kelly Aerospace in 2004. Thus, even if Avco Lycoming is not a Section 20 seller, it has provided a design service. And as the authors of Restatement Third reason, . . . , quote, One who provides a design service alone, as distinct from combining the design function with the sale of a component, generally is liable only for negligence and is not treated as a product seller, end quote. [citing Restatement 3d § 5 cmt. d]. So Avco Lycoming, as the provider of a design service, is still

4

of the soundness of plaintiff's proposed instructions by explaining, at least rudimentarily, how the proposed instructions were supported by FAA regulations.

Unfortunately, plaintiff's counsel was all but completely unable to assist the Court in, to use Chief Judge Conner's phrase, "formulating an intelligible statement of applicable law." The Court's confidence in the capacity of plaintiff's proposed instructions to guide the Court steadily diminished throughout the argument, and was lost completely when plaintiff's counsel made the incredible

---

> potentially liable.
>
> What is the benefit of Avco Lycoming to being, quote, liable only for negligence as a design service provider and not treated as a product seller? End quote. Well, the answer, the authors of Restatement Third is, not much, I think. [citing Restatement 3d §19 cmt. a, and § 2 cmts. a & d].
> . . .
>
> In sum, regardless of whether Lycoming is considered a seller under Restatement Third or a design service provider, Avco Lycoming is potentially liable for negligent design and/or warnings in relation to the carburetor at issue in this case. The same duty, it seems, should apply across the board.
>
> So moving on to the standard of care to be applied in this case, the Court would like to hear the parties on relevant federal regulations. The Court's impression upon reading the plaintiff's jury instructions is that a number of the regulations cited are not relevant to the facts of this case. That is to say either the Court does not agree with the plaintiff, that the plaintiff has properly interpreted the regulations, or the Court agrees with the interpretation but does not see how Avco Lycoming's violation of a given regulation is relevant to the alleged design defect in this case.

suggestion that the Court could fulfill its duty to instruct the jury by delivering Pennsylvania pattern instructions on negligence. See Abdullah, 181 F.3d at 376 (remanding case to district court to "evaluate whether the evidence on standards of care and the instructions given to the jury conformed to the federal aviation safety standards as we have described them").

Failure of a party to submit airtight proposed jury instructions is merely an annoyance when pattern instructions or caselaw are available to fill the void. Unfortunately here, as Chief Judge Conner has explained, there is "no jurisprudential guidance to assist the court." Thus, at this juncture the Court finds itself without sufficient guidance from either precedent or the parties as to the law that will govern not only the jury's deliberations, but also the Court's rulings on the relevance of evidence, motions pursuant to Fed. R. Civ. P. 50, and other questions. In light of the importance of the Court having at least a general notion of the law to be applied throughout the trial, not just in instructing the jury at trial's end, the plaintiff's suggested 'facts first, law later' approach will not do.

The Court recognizes that it could endeavor to fashion appropriate draft-jury instructions before trial on its own, from scratch, without meaningful input from the parties. But this is neither an appropriate use of time in light of the Court's caseload, nor is it prudent given the assistance that the parties – who

actually have a stake in the litigation – could provide to the Court if commissioned to the task.

Accordingly, an Order of this same date postpones trial to commence March 10, 2014, rather than December 2, 2013, and directs the parties to brief the issue of the appropriate standard of care to be applied.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge