# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL SIKKELEE, Individually and as Personal Representative of the ESTATE OF DAVID SIKKELEE, deceased, | : : : : : | No. 4:07-CV-00886 (Judge Brann) |
| Plaintiff, | : : | |
| v. | : : | |
| AVCO CORPORATION, *et al.*, | : : | |
| Defendants. | : | |

## ORDER

### AUGUST 3, 2017

Defendant has filed a motion to reconsider my earlier decision as to the survival of Plaintiff's 14 C.F.R. § 21.3 claim. That Section provides in pertinent part as follows, with my emphasis added:

> **§ 21.3 Reporting of Failures, Malfunctions, and Defects.**
>
> (a) The holder of a type certificate (including amended or supplemental type certificates), a PMA, or a TSO authorization, or the licensee of a type certificate must report any failure, malfunction, or defect in any product or article ***manufactured by it*** that it determines has resulted in any of the occurrences listed in paragraph (c) of this section.
>
> (b) The holder of a type certificate (including amended or supplemental type certificates), a PMA, or a TSO authorization, or the licensee of a type certificate must report any defect in any product or article ***manufactured by it*** that has left its quality

system and that it determines could result in any of the occurrences listed in paragraph (c) of this section.

(c) The following occurrences must be reported as provided in paragraphs (a) and (b) of this section:

    (1) Fires caused by a system or equipment failure, malfunction, or defect.

    (2) An engine exhaust system failure, malfunction, or defect which causes damage to the engine, adjacent aircraft structure, equipment, or components.

    (3) The accumulation or circulation of toxic or noxious gases in the crew compartment or passenger cabin.

    (4) A malfunction, failure, or defect of a propeller control system.

    (5) A propeller or rotorcraft hub or blade structural failure.

    (6) Flammable fluid leakage in areas where an ignition source normally exists.

    (7) A brake system failure caused by structural or material failure during operation.

    (8) A significant aircraft primary structural defect or failure caused by any autogenous condition (fatigue, understrength, corrosion, etc.).

    (9) Any abnormal vibration or buffeting caused by a structural or system malfunction, defect, or failure.

    (10) An engine failure.

    (11) Any structural or flight control system malfunction, defect, or failure which causes an interference with normal control of the aircraft for which derogates the flying qualities.

(12) A complete loss of more than one electrical power generating system or hydraulic power system during a given operation of the aircraft.

(13) A failure or malfunction of more than one attitude, airspeed, or altitude instrument during a given operation of the aircraft.

(d) The requirements of paragraph (a) of this section ***do not apply to***—

(1) Failures, malfunctions, or defects that the holder of a type certificate (including amended or supplemental type certificates), PMA, TSO authorization, or the licensee of a type certificate determines—

(i) ***Were caused by improper maintenance or use***;

(ii) Were reported to the FAA by another person under this chapter; or

(iii) Were reported under the accident reporting provisions of 49 CFR part 830 of the regulations of the National Transportation Safety Board.

(2) Failures, malfunctions, or defects in products or articles—

(i) Manufactured by a foreign manufacturer under a U.S. type certificate issued under § 21.29 or under an approval issued under § 21.621; or

(ii) Exported to the United States under § 21.502.

To prevail on a claim under § 21.3, Plaintiff must prove (1) Lycoming determined a defect in the MA-4SPA created safety risks; (2) that such defect caused the crash; and (3) that the FAA would have responded to Lycoming's § 21.3 reports . . . by ordering changes to the carburetor's design or otherwise

taking action that would have prevented the accident. *Sikkelee v. Precision Airmotive Corp.*, 45 F. Supp. 3d 431, 459 (M.D. Pa. 2014).

"By its plain terms, § 21.3(a) applies only to a type certificate holder that *also* manufactured the subject product or part that is determined to be defective." *Dalrymple ex rel. Dalrymple v. Fairchild Aircraft Inc.*, 575 F. Supp. 2d 790, 797 (S.D. Tex. 2008). *See also* a *Bain ex rel. Bain v. Honeywell Int'l, Inc.*, 167 F. Supp. 2d 932, 939 (E.D. Tex. 2001) ("Bell admits that it holds the type certificate for model 206 helicopters, however, it offers undisputed evidence showing that it is not the type certificate holder for the engine and fuel control unit implicated in the accident involving Bain."); *Hasler Aviation, L.L.C. v. Aircenter, Inc.*, No. 1:06-CV-180, 2007 WL 2263171, at *5 (E.D. Tenn. Aug. 3, 2007) ("Again, here the standard of care under 14 C.F.R. § 21.3(a) is imposed as a duty on the type certificate holder in relation to a product 'manufactured by it.' If Plaintiff does not establish these elements, Plaintiff cannot support a negligence per se claim.").

As set forth more fully in the in accompanying Memorandum Opinion issued on this date, the allegedly defective carburetor was manufactured by Kelly using third-party aftermarket parts. Such manufacturing and installation occurred in connection with the 2004 overhaul of the subject aircraft's engine. Plaintiff does not dispute that. Thus, the regulation's requirement that the allegedly defective

article be "manufactured by" the defendant is not met here. For that reason alone, liability under § 21.3 is improper.

The regulation also excludes from liability alleged defects "caused by improper maintenance or use," which exception is met here at least three times over: once for the conglomerate carburetor that was installed, twice for the unusually lengthy three decades of storage, and thrice for missed overhaul periodicity.

Separately, Plaintiff has failed to show that the FAA would have responded to the allegedly dilatory § 21.3 reports. To the contrary, the record, as set forth in the accompanying Memorandum Opinion, shows that the FAA likely was aware of what the Plaintiff suggests constituted a design defect in the subject carburetor but nevertheless continued to approve Lycoming's design and a separate third-party PMA for years thereafter.

Last, as discussed in the accompanying Memorandum Opinion, Plaintiff has failed to show that the alleged defect or the alleged failure to report the alleged defect was the proximate cause of her decedent's injuries. To the contrary, no reasonable juror could find as much on the facts of this case. "[N]othing precludes a court from determining proximate cause as a matter of law if a jury could not reasonably differ on the issue." *Chetty Holdings Inc. v. NorthMarq Capital, LLC*, 556 F. App'x 118, 121 (3d Cir. 2014) (Fisher, J.) "To put it another way, where

there is no issue of fact, the issue of proximate cause is one for the court to determine as a matter of law." *Heeter v. Honeywell Int'l, Inc.*, 195 F. Supp. 3d 753, 758 (E.D. Pa. 2016), *aff'd* 2017 WL 3128488 (3d Cir. July 24, 2017).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (Rosenn, J.). In light of the foregoing and the accompanying Memorandum Opinion, my earlier denial of summary judgment was erroneous, and I take the opportunity to correct that oversight today.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that Lycoming's Motion for Reconsideration as to Plaintiff's § 21.3 claim, ECF No. 497, is **GRANTED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge