IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL SIKKELEE, individually and as personal representative of the ESTATE OF DAVID SIKKELEE, Deceased,<br><br>      Plaintiff,<br><br>    v.<br><br>PRECISION AIRMOTIVE CORPORATION, *et al.*,<br><br>      Defendants. | No. 4:07-CV-00886<br><br>(Judge Brann) |

## ORDER

### MARCH 1, 2021

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Sikkelee's motion *in limine* to preclude evidence of statistics and studies (Doc. 651) is **GRANTED**;

2. Sikkelee's motion *in limine* to preclude evidence of propeller damage comparisons (Doc. 653) is **DENIED**;

3. Sikkelee's motion *in limine* to preclude FAA inspector statements (Doc. 655) is **GRANTED**;

4. Sikkelee's motion *in limine* to preclude complaints about maintenance (Doc. 657) is **DENIED WITHOUT PREJUDICE**;

5. Sikkelee's motion *in limine* to preclude evidence of resolved claims (Doc. 659) is **GRANTED** in part and **DENIED** in part. Sikkelee's motion is granted to the extent it seeks to exclude settlement evidence. The Court reserves its ruling on Sikkelee's motion as it pertains to the admissibility of allegations from past pleadings;

6. Lycoming's motion *in limine* to preclude evidence of Service Difficulty Reports, Service Information Records, warranty claims, and other lawsuits (Doc. 662) is **GRANTED** in part and **DENIED** in part. Lycoming's motion is granted to the extent it seeks to exclude evidence of warranty claims, other lawsuits, and evidence of a subsequent accident occurring in 2015. Lycoming's motion is denied to the extent it seeks to entirely exclude the Service Difficulty Reports; these reports shall be admitted for the sole purpose of establishing notice. Further, the Court defers ruling upon the motion as it pertains to the Service Information Records unless and until the parties file the subject reports with the Court, together with additional briefing;

7. Lycoming's motion to strike the opinion of Michael Thomson (Doc. 664) is **GRANTED** in part and **DENIED** in part;

8. Lycoming's motion *in limine* to preclude evidence of certain alleged carburetor defects (Doc. 666) is **GRANTED**;

9. Lycoming's motion *in limine* to preclude evidence of subsequent remedial measures and other post-accident evidence (Doc. 668) is **DENIED WITHOUT PREJUDICE**; and

10. Lycoming's motion *in limine* to exclude the affidavit and deposition testimony of Emagene Maar (Doc. 670) is **GRANTED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge